WARREN CHAPMAN, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 544, 2006.
Supreme Court of Delaware.
Submitted: May 3, 2007.
Decided: July 3, 2007.
Before STEELE, Chief Justice, HOLLAND, and JACOBS, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 3rd day of July 2007, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a),[1] it appears to the Court that:
(1) The defendant-appellant, Warren Chapman, filed an appeal from the Superior Court's September 5, 2006 order denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61. The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[2] We agree and AFFIRM.
(2) In February 2000, Chapman was found guilty by a Superior Court jury of six counts of Unlawful Sexual Intercourse in the First Degree, two counts of Attempted Unlawful Sexual Intercourse in the First Degree, one count of Rape in the First Degree, one count of Attempted Rape in the First Degree, four counts of Unlawful Sexual Contact in the Second Degree, and one count of Continuous Sexual Abuse of a Child. He was sentenced to 139 years of Level V incarceration, plus a life sentence. This Court affirmed Chapman's convictions and sentences on direct appeal.[3]
(3) Chapman originally moved for postconviction relief on February 7, 2005. He filed an amended motion on June 27, 2005. Trial counsel filed an affidavit in response to the motion and the State filed an answer. When Chapman attempted to amend his motion again, the Superior Court denied his request. Chapman then moved to voluntarily dismiss his postconviction motion. The Superior Court granted his request on January 31, 2006.
(4) On March 3, 2006, Chapman filed a new postconviction motion. In the motion, Chapman's sole claim was that his counsel provided ineffective assistance. In a report dated April 12, 2006, the Superior Court Commissioner recommended that Chapman's motion be dismissed as time-barred.[4] On May 22, 2006, Chapman filed an "Appeal from Commissioner's Findings of Fact and Recommendations" in which he argued that, under the doctrine of equitable tolling, his ineffectiveness claims were not time-barred. At the end of Chapman's "Appeal," he stated the following: "In the event this Court fails to find equitable tolling . . . , Defendant asserts and invokes Superior Court Cr. R. 61(i) (5) . . . ." On September 5, 2006, the Superior Court adopted the Commissioner's report and recommendation.[5]
(5) In this appeal, Chapman claims that, under the doctrine of equitable tolling, his postconviction motion is not time-barred. He contends that the time he spent on his motion for the appointment of counsel, the time the Superior Court spent considering his motion for the appointment of counsel, the time spent by this Court in connection with his appeal from the Superior Court's denial of his request for counsel, and the time during which he alleges his legal materials were misplaced by correctional officials should all be subtracted from the mandatory three-year period for the filing of his postconviction motion.[6] Chapman also contends that, should this Court not accept his equitable tolling argument, the facts he has presented in support of his equitable tolling argument are sufficient to support a finding of a constitutional violation under Rule 61(i)(5).
(6) The doctrine of equitable tolling is inapplicable to a motion for postconviction relief. Superior Court Criminal Rule 45(b)(2) expressly provides that the Superior Court "may not extend the time for taking any action" under Rule 61(i)(1).[7] Chapman's attempt to overcome the time bar of Rule 61(i)(1) by asserting a miscarriage of justice also fails. The facts he asserts in support of his equitable tolling argument simply do not rise to the level of "a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[8] Finally, Chapman is correct that the Superior Court did not expressly address his argument of a constitutional violation that would overcome the time bar. That omission is without any effect, however, since the argument has no merit.
(7) It is manifest on the face of Chapman's opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court 25(a), the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.[9]
NOTES
[1] The appellant also filed a motion for stay and remand on the ground that the Superior Court failed to address his argument that his postconviction motion is not time-barred because there was a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction. Super. Ct. Crim. R. 61(i) (5).
[2] Supr. Ct. R. 25(a).
[3] Chapman v. State, Del. Supr., No. 311, 2000, Holland, J. (Feb. 13, 2002).
[4] Super. Ct. Crim. R. 61(i) (1).
[5] Del. Code Ann. tit. 10, § 512(b); Super. Ct. Crim. R. 62(a) (5).
[6] Super. Ct. Crim. R. 61(i) (1).
[7] See Smallwood v. State, Del. Supr., No. 473, 2006, Steele, C.J. (Feb. 13, 2007).
[8] Super. Ct. Crim. R. 61(i) (5).
[9] Because there is no merit to Chapman's claim of a constitutional violation, his motion for stay and remand is hereby denied.