IN THE SUPREME COURT OF THE STATE OF DELAWARE

KEVIN C. BRATHWAITE, §
§ No. 504, 2014
Defendant Below, §
Appellant, § Court Below–Superior Court of
§ the State of Delaware in and
v. § for New Castle County
§
STATE OF DELAWARE, § Cr. ID No. 9510007098
§
Plaintiff Below, §
Appellee. §

Submitted: February 10, 2015
Decided: April 27, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

**O R D E R**

This 27th day of April 2015, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:

(1)  The appellant, Kevin C. Brathwaite, filed this appeal from the Superior Court's August 29, 2014 order that denied his third motion for postconviction relief and motions for appointment of counsel and discovery.[1] The appellee, State of Delaware, has moved to affirm the Superior Court's judgment on

---

[1] *State v. Brathwaite*, 2014 WL 4352170 (Del. Super. Aug. 29, 2014).

the ground that it is manifest on the face of Brathwaite's opening brief that the appeal is without merit.[2]  We agree and affirm.

(2)    In a thirty-one count superseding indictment filed in 1996, Brathwaite was charged with having committed a series of sexual assaults between September 1995 and June 1996.[3]  At Brathwaite's jury trial in 1998, the Superior Court severed three counts and dismissed six counts, and the State *nolle prossed* one count.  Of the twenty-one counts that remained, the jury acquitted Brathwaite of two counts and convicted him of nineteen counts, including six counts of Unlawful Sexual Intercourse ("USI") in the First Degree, two counts of USI in the Second Degree, and seven counts of USI in the Third Degree.[4]

(3)    On December 4, 1998, the Superior Court sentenced Brathwaite to six consecutive life sentences for the first degree USI convictions and to a total of 110 years for the second and third degree USI convictions.[5]  On direct appeal, we affirmed the convictions and sentences.[6]

(4)    At the conclusion of his direct appeal in 1999, Brathwaite filed a motion for new trial ("New Trial Motion") under Superior Court Criminal Rule 33

---

[2] Del. Supr. Ct. R. 25(a).

[3] The superseding indictment incorporated six previously returned indictments.

[4] The convictions stemmed from Brathwaite's sexual assaults of three women.

[5] On the remaining four convictions, Brathwaite was sentenced to a total of five years at Level V suspended after one year at Level IV for Level III probation.

[6] *Brathwaite v. State*, 1999 WL 1090581 (Del. Oct. 22, 1999).

("Rule 33") based on claims of newly discovered evidence and ineffective assistance of trial counsel. The Superior Court appointed counsel (hereinafter "Postconviction Counsel") to represent Brathwaite. Postconviction Counsel supplemented the New Trial Motion with a claim under Superior Court Criminal Rule 61 ("Rule 61") that the Superior Court had violated Brathwaite's constitutional right to represent himself at trial (hereinafter "self-representation claim").

(5) The Superior Court held evidentiary hearings on November 2, 2001 and May 21, 2002. At the first evidentiary hearing, the defense submitted a sexually explicit photograph that, according to Brathwaite, he took in his apartment in 1995, and a hostile anonymous letter gloating that Brathwaite was falsely convicted. After Brathwaite testified that the photograph was of one of the victims and that the anonymous letter was written by the same victim, the defense argued that the photograph and letter were exculpatory because the photograph proved that Brathwaite and the victim had a consensual sexual relationship, and that the letter proved that the victim testified falsely at trial. Brathwaite further testified that he had additional, similar photographs and a sexually explicit videotape of the same victim, but that those items were confiscated by the Department of Correction ("DOC") in 2000 and 2001 and then misplaced by the Office of the Attorney General.

3

(6)     At the second evidentiary hearing, Brathwaite testified that the DOC had, earlier that morning and during the previous week, confiscated eighteen additional letters that he intended to submit as exculpatory evidence at the hearing. According to Brathwaite, three letters were from the victim's sister and the rest were from a female friend of Brathwaite, who testified as a defense witness at the first evidentiary hearing. As to the additional eighteen letters, the Superior Court indicated that it would "assume that the letters existed, for present purposes," that three letters from the victim's sister "basically said all the charges by [the victim] were made up," and that the remaining letters from [the defense witness] stated "contrary to her hearing testimony, that she remembered seeing [the victim] at [Brathwaite's] apartment."[7]

(7)     By order dated March 17, 2003, the Superior Court denied the New Trial Motion under Rule 33 and Rule 61.[8]  The court ruled that Brathwaite had failed to satisfy the requirements for a new trial based on newly discovered evidence. The court did not, however, address Brathwaite's self-representation claim.

(8)     Brathwaite filed an appeal from the denial of the New Trial Motion and was granted leave to proceed *pro se*. On appeal, we remanded the case to the

---

[7] Hr'g Tr. at 12 (May 21, 2002).

[8] *State v. Brathwaite*, 2003 WL 1410155 (Del. Super. Mar. 17, 2003).

4

Superior Court to consider the self-representation claim. On remand, the Superior Court directed that Brathwaite's trial counsel, appellate counsel, and Postconviction Counsel as well as counsel for the State and Brathwaite file written submissions on the self-representation claim. By order dated December 7, 2005, the Superior Court denied the self-representation claim and returned the case to this Court. Upon return of the case from remand and after the parties submitted supplemental memoranda on the Superior Court's order on remand, this Court affirmed, concluding that the Superior Court's orders of March 17, 2003 and December 7, 2005 properly denied Brathwaite's New Trial Motion.[9]

(9) Brathwaite turned next to the federal court, filing a habeas corpus petition in the United States District Court. Brathwaite raised six claims, including the self-representation claim. By memorandum opinion dated October 16, 2009, the District Court concluded that the habeas petition was without merit and declined to issue a certificate of appealability on all but the self-representation claim.[10] By opinion issued on March 22, 2011, the Third Circuit Court of Appeals affirmed the District Court's denial of Brathwaite's habeas petition.[11]

(10) Brathwaite turned next to the Superior Court, filing in February 2013 a second motion for postconviction relief under Rule 61. Brathwaite alleged that,

---

[9] *Brathwaite v. State*, 2006 WL 1911132 (Del. July 10, 2006).

[10] *Brathwaite v. Phelps*, 2009 WL 3345595, at \*19 (D. Del. Oct. 16, 2009).

[11] *Brathwaite v. Phelps*, 2011 WL 982895 (3d Cir. March 22, 2011).

5

under the United States Supreme Court's 2012 decision in *Martinez v. Ryan*,[12] he was entitled to the appointment of counsel to pursue a claim that his Postconviction Counsel was ineffective. By report and recommendation dated March 14, 2013, a Superior Court Commissioner found that *Martinez v. Ryan* did not apply, and that Brathwaite's second postconviction motion was untimely and procedurally barred under Rule 61. By order dated May 14, 2013, the Superior Court accepted the report and recommendation and denied Brathwaite's second motion for postconviction relief. Brathwaite did not appeal.

(11) In January 2014, Brathwaite filed a third motion for postconviction relief under Rule 61 and a motion for appointment of counsel. In March 2014, Brathwaite filed a second motion for appointment of counsel, and in June 2014, he filed a third motion for appointment of counsel and a motion for discovery asking the court to order the State to "turn over all letters and photographs . . . that were confiscated and turned over to the prosecutor's office prior to the May 21, 2002 evidentiary hearing."

(12) By order dated April 29, 2014, the Superior Court denied Brathwaite's first and second motions for appointment of counsel, and by order dated August 29, 2014, the Superior Court denied Brathwaite's third postconviction motion. In its August 29, 2014 order, the court concluded that the postconviction motion was

---

[12] *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

untimely filed under Rule 61(i)(1) and procedurally barred under Rule 61(i)(2), (i)(3) or (i)(4) without exception under Rule 61(i)(5) or "in the interests of justice."[13]  Also, the court denied the motion for discovery, ruling that Brathwaite had not demonstrated good cause for "particularized discovery," and Brathwaite's third motion for appointment of counsel, ruling that the motion was denied on the basis of the court's April 29, 2014 order.[14]  This appeal followed.

(13)   On appeal, Brathwaite continues to argue the six claims that he raised in his third motion for postconviction relief:  first, that the Superior Court lacked subject matter jurisdiction; second, that he did not receive formal notice of the charges against him; third, that he was denied the effective assistance of counsel on direct appeal; fourth, the self-representation claim, *i.e.*, that he was denied the right to represent himself; fifth,  that he was denied access to the court "when tangible evidence was illegally confiscated," and sixth, that he was denied the right to conflict-free counsel.

(14)  In his opening brief on appeal, Brathwaite argues that his postconviction claims warrant review under exceptions to the Rule 61(i)(2), (i)(3), and (i)(4) procedural bars applied by the Superior Court.  Also, Brathwaite argues that his third postconviction motion was timely filed because the three-year filing

---

[13] *State v. Brathwaite*, 2014 WL 4352170 (Del. Super. Aug. 29, 2014).

[14] *Id.*, at ¶¶ 19, 20.

7

period under Rule 61(i)(1) was tolled during the pendency of his New Trial Motion, postconviction motions, and federal habeas corpus petition.[15]

(15) When denying Brathwaite's third postconviction motion, the Superior Court found that each of the six claims was barred as untimely under Rule 61(i)(1).[16] Also, the Superior Court found that Brathwaite's first and second claims alleging lack of jurisdiction and due process violations were "frivolous on their face," and that the third, fourth and sixth claims alleging ineffective assistance of trial counsel, denial of conflict-free counsel, and the self-representation claim were barred as formerly adjudicated under Rule 61(i)(4).[17] Next, the court found that, to the extent Brathwaite's third claim included a new allegation of ineffective assistance of counsel, the claim was barred under Rule 61(i)(2) and (b)(2), which require that a movant include all available claims in a first postconviction motion.[18] Finally, the Superior Court ruled that Brathwaite's fifth claim concerning the items confiscated by the DOC, some of which were

---

[15] According to Brathwaite, he "still has five (5) months left after the tolled time was properly calculated."

[16] Del. Super. Ct. Crim. R. 61(i)(1) (2013) (barring postconviction motion filed more than three years after the judgment of conviction is final) (amended in 2005 to reduce filing period to one year).

[17] Del. Super. Ct. Crim. R. 61(i)(4) (barring a formerly adjudicated claim).

[18] Del. Super. Ct. Crim. R. 61(b)(2) (providing that the first postconviction motion shall specify all the available grounds for relief); *Id.* at (i)(2) (barring any ground for relief not asserted in a prior motion as required under (b)(2)).

8

misplaced by the Office of the Attorney General, was procedurally defaulted under Rule 61(i)(3).[19]

(16) Having carefully considered the parties' positions on appeal, we find it manifest that the denial of Brathwaite's third motion for postconviction relief and motions for appointment of counsel and discovery should be affirmed on the basis of the Superior Court's well-reasoned orders dated April 29, 2014 and August 29, 2014. The Superior Court did not err in concluding that the claims raised in Brathwaite's postconviction motion were procedurally barred as untimely, repetitive, procedurally defaulted, or formerly adjudicated, and that Brathwaite failed to overcome the procedural hurdles.[20] We further conclude that Brathwaite's fifth claim concerning the items confiscated by the DOC is barred as formerly adjudicated under Rule 61(i)(4) as well as defaulted under Rule 61(i)(3), as the Superior Court determined. "[A] defendant is not entitled to have a court reexamine an issue that has been previously resolved 'simply because the claim is refined or restated.'"[21] Last, we conclude that Brathwaite's claim that his third

---

[19] Del. Super. Ct. Crim. R. 61((i)(3) (barring any ground for relief not asserted in the proceedings leading to the judgment of conviction).

[20] *See* Del. Super. Ct. Crim. R. 61(i)(1) (providing that an untimely motion may be considered when the movant asserts a newly recognized retroactively applicable right); *Id.* at (i)(4) (providing that a formerly adjudicated claim may be considered "in the interest of justice"); *Id.* at (i)(5) (providing that the procedural bars of (i)(1), (2) and (3) shall not apply to a colorable claim that there was a miscarriage of justice because of a constitutional violation).

[21] *Skinner v. State*, 607 A.2d 1170, 1172 (Del. 1992) (quoting *Riley v. State*, 585 A.2d 719, 721 (Del. 1990)).

motion for postconviction relief was timely filed is without merit. Simply put, "[t]he doctrine of equitable tolling is inapplicable to a motion for postconviction relief."[22]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:


/s/ Karen L. Valihura
Justice

---

[22] *See Chapman v. State*, 2007 WL 1933229, at \*2 (Del. July 3, 2007) ("Superior Court Criminal Rule 45(b)(2) expressly provides that the Superior Court 'may not extend the time for taking any action' under Rule 61(i)(1).").

10