IN THE SUPREME COURT OF THE STATE OF DELAWARE

JAQUITA TURNAGE,           §
                           §
    Defendant Below-Appellant,  § No. 356, 2015
                           §
    v.                     § Court Below:  Superior Court
                           § of the State of Delaware,
STATE OF DELAWARE,         § in and for Kent County
                           §
    Plaintiff Below-Appellee.   § Cr. ID No. 1307002341
                           §

Submitted: August 26, 2015
Decided:    November 4, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

### **O R D E R**

This 4th day of November 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Jaquita Turnage, filed this appeal from the Superior Court's denial of her first motion for postconviction relief under Superior Court Criminal Rule 61.  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Turnage's opening brief that her appeal is without merit.  We agree and affirm.

(2)    On January 7, 2014, Turnage pled guilty to Drug Dealing and the State dismissed seven other charges.  Turnage was sentenced to fifteen years of

Level V incarceration, suspended after two years of Level V Key, followed by decreasing levels of supervision. Turnage did not file a direct appeal.

(3) On May 28, 2015, Turnage filed a motion for postconviction relief under Rule 61. Turnage claimed that she was entitled to postconviction relief due to problems at the Office of the Chief Medical Examiner ("OCME"). Primarily, she argued that her guilty plea was involuntary under *Brady v. United States*[1] because, although she admitted her guilt, she did not have knowledge of the evidence-handling problems at the OCME when she chose to do so. On June 9, 2015, the Superior Court summarily dismissed Turnage's motion as procedurally barred under Rule 61(i)(1). This appeal followed.

(4) We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[2] The procedural requirements of Rule 61 must be considered before any substantive issues are addressed.[3] Under Rule 61(i)(1), Turnage's motion for postconviction relief was time-barred because it was filed more than a year after Turnage's conviction became final and Turnage did not plead a claim that the Superior Court lacked jurisdiction or a claim that satisfied the pleading requirements of Rule 61(d)(2)(i) or (d)(2)(ii).[4] Turnage's

---

[1] 397 U.S. 742 (1970).
[2] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).
[3] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[4] Super. Ct. Cr. R. 61(i)(1) (effective June 14, 2014) (providing that Rule 61(i)(1) does not apply to claims that court lacked jurisdiction or claims that satisfy pleading requirements of Rule 61(d)(2)(i) or (d)(2)(ii)).

2

conviction became final in February 2014, but she did not file the motion for postconviction relief until May 2015.

(5) As she did below, Turnage argues that the version of Rule 61 in effect before June 4, 2014 should apply to her motion because the June 4, 2014 amendments to Rule 61 contain unconstitutional restrictions on her right of access to the courts, violate due process, and are impermissibly retroactive. These claims are without merit.

(6) First, Turnage's argument that the amended Rule 61 denies her due process of law and meaningful access to the courts is without merit. The United States Supreme Court has held that "[s]tates have no obligation to provide [postconviction] relief."[5] Thus, Turnage is arguing about the extent to which the State has afforded a right to postconviction relief that it does not have to afford at all. Therefore, the amended Rule 61 provides more due process and access to the courts than is constitutionally required. Moreover, the amended form of Rule 61 still provides a broad right to file a first petition within "one year after the judgment or conviction is final,"[6] and even allows successive petitions in the compelling circumstance when a person "pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent"

---

[5] *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987); *see also Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 89 (2009) ("States are under no obligation to provide mechanisms for postconviction relief . . . .").
[6] Super. Ct. Crim. R. 61(i)(1).

3

or "that a new rule of constitutional law, made retroactive to cases on collateral review . . . , applies to the movant's case."[7] Turnage is not deprived of meaningful access to the courts just because she cannot collaterally attack a beneficial guilty plea more than a year after her conviction became final.

(7) Second, Turnage's related argument that the amended Rule 61 is operating retroactively as to postconviction motions filed before June 4, 2014 is factually erroneous. Turnage did not have a right to pursue any postconviction claim indefinitely. She was on notice as of June 4, 2014—over seven months before Rule 61's one-year period expired—that Rule 61 had been amended. But, she waited until May 28, 2015 to file her Rule 61 petition.[8]

(8) Turnage claims that even if the June 4, 2014 amendments to Rule 61 are constitutional her motion should not be time-barred because it is subject to equitable tolling because facts regarding the OCME investigation were still being disclosed. This Court, however, has held that the doctrine of equitable tolling is inapplicable to a motion for postconviction relief.[9]

---

[7] Super. Ct. Crim. R. 61(d)(2).

[8] We take judicial notice that the revelations of problems at the OCME became public a week after Turnage pled guilty and that the Public Defender began filing Rule 61 applications as a result of those problems at the end of April 2014. Turnage did not file for postconviction relief under Rule 61 until May 28, 2015, well after both the amendment to Rule 61 and the demonstrated ability of her lawyers to file Rule 61 applications based on the events at the OCME.

[9] *Chapman v. State*, 2007 WL 1933229, at *2 (Del. July 3, 2007) ("Superior Court Criminal Rule 45(b)(2) expressly provides that the Superior Court 'may not extend the time for taking any action' under Rule 61(i)(1).").

(9)  Turnage also makes a confusing argument that the State is judicially estopped from arguing that her guilty plea cannot be vacated.  Turnage did not raise her judicial estoppel argument in the Superior Court and we will not consider it for the first time on appeal.[10]

(10)  Even if Turnage's claims were not procedurally barred, her claim under *Brady v. United States* has no merit.  We previously rejected a *Brady* claim like Turnage's in *Aricidiacono v. State*.[11]  Turnage has pled no facts suggesting that her guilty plea was involuntary or that she was otherwise unjustly convicted.  In 2014, she admitted to the crimes of which she was convicted, and she received far less harsh a sentence than she could have received after a trial.  Under our precedent in *Ira Brown v. State*,[12] *Anzara Brown v. State*,[13] and *Aricidiacono*,[14] therefore, her claim is without substantive merit.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


/s/ Leo E. Strine, Jr.
Chief Justice

---

[10] Supr. Ct. R. 8.
[11] __ A.3d __, 2015 WL 5933984, at *2–4 (Del. Oct. 12, 2015).
[12] 108 A.3d 1201, 1205–06 (Del. 2015).
[13] 117 A.3d 568, 581 (Del. 2015).
[14] __ A.3d at __, 2015 WL 5933984, at *3–4.