# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D. No. 1710003395 |
| | ) | |
| JARREAU AYERS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: February 27, 2025
Decided: April 3, 2025

## OPINION

*Upon Defendant's Motion for Post Conviction Relief,*
**DENIED**

Andrew J. Vella, Esquire, Chief of Appeals, Delaware Department of Justice, Wilmington, Delaware. Attorney for the State of Delaware.

Richard Sparaco, Esquire, Law Office of Richard Sparaco, LLC, Lewes, Delaware. Attorney for Jarreau Ayers.

**BUTLER, R.J.**

Jarreau Ayers asks the Court to review his trial, conviction, and direct appeal via the device of Rule 61 of the Delaware Rules of Criminal Procedure. But he has a problem. His motion was filed late. So the question the Court must decide, before deciding the merits, is whether the motion is properly before the Court.

**FACTS**

Ayers is an inmate at the Delaware Correctional Center in Smyrna, Delaware. On February 1, 2017, he was housed in C building when a riot broke out. The riot resulted in the inmates' capture of two guards and a prison counselor. One of the guards was beaten to death by the inmates.[1]

The building in which the riot took place did not have video cameras operating at the time. As might be expected when reconstructing a riot, there were many accounts of what happened, very few of which were consistent with one another. All told, some 18 inmates were charged with crimes resulting from the incident.[2] After indictment in the Superior Court, the cases were segregated for purposes of trial into

---

[1] *See Ayers v. State*, 251 A.3d 637, 638-39 (Del. 2021) as corrected (Apr. 23, 2021).

[2] *Id.*

5 groups.[3]  Ayers, co-defendants Dwayne Staats, Roman Shankaras, and Deric Forney were designated as "Group 1" and scheduled first. [4]

Pretrial delays in discovery of inmate statements and the identities of which inmate witnesses would be testifying led to delays in appointed counsel understanding their potential conflicts, which led to a late withdrawal of representation by Ayers' appointed counsel.[5]  Ayers elected to represent himself at trial rather than waiting for new counsel's appointment.  Ayers' *pro se* status at trial is a focal point of much of his Rule 61 petition, but it obviously makes ineffective assistance of counsel claims – the I-95 of most Rule 61 claims – problematic.

All of this would be appropriate grist for a Rule 61 proceeding, but the Supreme Court has held repeatedly that procedural compliance with Rule 61 motions must be addressed before moving to the merits.[6]  In this case, the timing of the petition is flawed.

---

[3] Appendix 3-4.

[4] A3-4, A118.

[5] A13, A137-38.

[6] *See, e.g. Younger v. State,* 580 A.2d 552, 554 (Del. 1990) ("This Court applies the rules governing procedural requirements before giving consideration to the merits of the underlying claim for postconviction relief.").

After conviction, Ayers filed a timely direct appeal with the Delaware Supreme Court. In that endeavor, he was appointed appellate counsel. Appellate counsel raised a single issue in the direct appeal: the propriety of the prosecution's closing argument. The conviction was affirmed by a decision of the Delaware Supreme Court, which issued its written Opinion on April 22, 2021, corrected on April 23, 2021.[7]

The "Record and Mandate to the Court below" was issued on Monday, May 10, 2021.[8] Superior Court received the record and mandate on Friday, May 14, as reflected by the Superior Court Prothonotary's stamp on the cover page.[9] The Superior Court Prothonotary acknowledged receipt by e-filing a receipt back to the Supreme Court on Monday, May 17, 2021.[10]

Five months later, in October, 2021, Ayers wrote to the trial judge, seeking the appointment of counsel. Notably, he did not file a Rule 61 petition. The Trial Judge, recognizing that his request for counsel was not a motion seeking relief under Rule 61, cautioned the Defendant that the one-year clock for filing a Rule 61 motion was

---

[7] *Ayers*, 251 A.3d at 637.

[8] *Ayers v. State* (ID No. 436, 2019), D.I. 62 Record and Mandate, Trans. ID. 66585119 (May 10, 2021).

[9] *Ayers v. State* (ID No. 436, 2019), D.I. 63 Prothonotary's Receipt of Record and Mandate, Trans. ID 66606547 (May 17, 2024) at 1.

[10] *Id.*

ticking and that requests for appointment of counsel would only be considered when accompanied by a motion for relief under Rule 61.[11] The Court said specifically:

> [T]he Court is denying your Motion for Appointment of Counsel without prejudice at this time. You may file a Rule 61 Motion as well as another Motion for Appointment of Counsel and the motions will be considered when they are received. *Just to remind you, you have one year from the issuance of the mandate by the Delaware Supreme Court which occurred on May 14, 2021 to file your Rule 61 motion.*[12]

The Defendant filed a second motion for appointment of counsel from a prison in Pennsylvania in March, 2022. The Court again responded that it would not appoint counsel without an accompanying Rule 61 motion and that the clock was ticking on his filing a timely motion. The Court said:

---

[11] *State v. Ayers* (ID No. 1710003395), D.I. 155 Letter from Ct. to Def. at 1 (Oct. 7, 2021).

[12] *Id.* The Court notes that the Mandate actually issued on May 10, 2021, not May 14, 2021. It was logged by the Superior Court Prothonotary on May 14, 2021, but the distinction is irrelevant for these purposes. "Rule 61(i)(1) provides, among other things, that a motion for postconviction relief may not be filed more than one year after a judgment of conviction is final. We have held that a judgment of conviction is final once this Court issues the mandate following a defendant's direct appeal." *Guy v. State*, 82 A.3d 710, 715 (Del. 2013) (citing *Staats v. State*, 961 A.2d 514, 517 (Del. 2008)); *see also State v. Baker*, 2011 WL 4638790, at *2 (Del. Super. Sept. 22, 2011) (citing Super. Ct. Crim. R. 61(m)(2)) ("when the Defendant has filed a direct appeal, the one year window begins when the Supreme Court issued a mandate or order finally determining the case on direct review."); *State v. Washington*, 2011 WL 379420, at *2 (Del. Super. Feb. 2, 2011) (citing Del. Super. Docket No. 26) ("The one year window for filing a motion for postconviction relief began no later than December 14, 2009, when the Supreme Court issued its mandate and ended one year later on or about December 15, 2010. Defendant failed to file his motion for postconviction relief during this applicable one-year limit. Defendant's motion, filed in January 2011, was filed outside the applicable one-year limit, and is time-barred.").

The Rule is strictly written and you have one year from the date of the Supreme Court Mandate to file the Rule 61 motion. As the Court indicated previously, that deadline will be May 14, 2022.[13]

On May 17, 2022 – one year and seven days after the mandate was issued by the Supreme Court – Ayers filed his Rule 61 petition and contemporaneous request for appointment of counsel. The trial judge granted the request to appoint counsel. Thereafter, Rule 61 counsel undertook an exhaustive preparation and review of the record, including all pretrial proceedings, the trial and the direct appeal. Rule 61 counsel then filed a 73-page brief in support of Rule 61 relief, which has been answered by the State and replied by Rule 61 counsel.

## DISCUSSION

"The first inquiry in any analysis of a post-conviction relief claim is whether the petition meets the procedural requirements of Rule 61."[14] Rule 61(i)(1) "*timing requirement*" states that a "motion for postconviction relief may not be filed more than one year after the judgment of conviction is final." When does a conviction become "final" for purposes of commencing the one-year clock to time a Rule 61 motion?

---

[13] *State v. Ayers* (ID No. 1710003395), D.I. 158 Letter from Ct. to Def. at 1 (Mar. 17, 2022).

[14] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991) (citing *Flamer v. State*, 585 A.2d 736, 747 (Del. 1990)).

6

While Rule 61 does not contain a definition of "final," the case law does. The Supreme Court has ruled that finality for purposes of counting a timely petition under Rule 61 begins on the date the Supreme Court issues its Mandate on the direct appeal.[15] Here, the Supreme Court's Mandate on the direct appeal was issued on May 10, 2021.[16] A Rule 61 filed on or before May 10, 2022 would be considered timely. A Rule 61 filed thereafter would be untimely and subject to dismissal. This Rule 61 motion was filed on May 17, 2022.[17] It is untimely.

Ayers affirmatively pleads in his account of these proceedings that he filed his Rule 61 motion on May 17, 2022.[18] There is simply no question that he is correct.

---

[15] " Pursuant to Rule 61(i)(1), a motion for postconviction relief must be filed within one year after the judgment of conviction is final, which occurs 'when the Supreme Court issues a mandate or order finally determining the case on direct review.'" *Redden v. State*, 150 A.3d 768, 773 (Del. 2016) (citing Super. Ct. Crim. R. 61(m)(2)).

[16] *Ayers v. State* (No. 436, 2019), D.I. 62 Record and Mandate (May 10, 2021), Trans. ID 66585119.

[17] *State v. Ayers* (ID No. 1710003395), D.I. 160 Mot. for Post-Conviction Relief at 1 (May 17, 2022); *see also* A2810.

[18] *State v. Ayers* (ID No. 1710003395), D.I. 173 Suppl. Br. in Supp. of Pet'r's Mot. for Postconviction Relief at 47-48 (Dec. 27, 2023).

The State raised the timeliness issue in its answering brief.[19] The State takes the position that there is nothing else to discuss as the motion was untimely.[20]

In reply, Ayers argues that his petition was timely because the Superior Court Prothonotary lodged an acknowledgment of receipt of the Mandate of the Supreme Court on May 17, 2022, the same day the petition was filed.[21] But the date of the Superior Court's acknowledgment of receipt of the Supreme Court's Mandate is essentially irrelevant. The relevant date is the date of the Mandate, not the date Superior Court affirms receipt of the Mandate.

In his reply, Ayers argues that failure to consider the merits of his motion notwithstanding its untimeliness would constitute a "miscarriage of justice." Ayers says this is so because he is a long-term prison inmate, frequently confined to solitary confinement and therefore given to various mental and emotional conditions that would have contributed to his inability to comply with the filing deadline. Support for this proposition is said to be found in the case of *Epperson v. State*.[22] Perhaps

---

[19] *State v. Ayers* (ID No. 1710003395), D.I. 185 State's Resp. to Def.'s Amended Mot. for Postconviction Relief at 7-8 (Aug. 14, 2024).

[20] *State v. Ayers* (ID No. 1710003395), D.I. 196 State's Resp. to Ct.'s Nov. 25, 2024 Order at 4-5 (Feb. 26, 2025).

[21] *State v. Ayers* (ID No. 1710003395), D.I. 187 Pet'r's Reply to State's Br. in Opp'n to Pet'r's Mot. for Post-Conviction Relief at 2 (Oct. 3, 2024).

[22] *Id.* at 1 (citing *Epperson v. State*, 901 A.2d 119, 119 (Del. 2006)). *Epperson* is hardly the poster child for a miscarriage of justice. Rather, the specific holding was that Epperson had so

8

there was a "miscarriage of justice" standard in Rule 61(i)(5) when *Epperson* was decided, but it is not there now.[23]

Having concluded that the motion was untimely, the Court asked the parties for additional briefing to hear what, if any, exception or exemption might apply that would forgive the default in timing of this Rule 61 motion. The Court has heard back from the parties and this is what they said:

Ayers asks the Court to consider that he is an inmate with limited access to law libraries, mental health treatment or legal counselling concerning deadlines. He believed mailing within the time limit would satisfy the rule's requirement. He has further appended to his pleading a declaration that on May 10, he was housed in solitary confinement in Pennsylvania but nonetheless transmitted his motion to prison authorities on May 10. Acknowledging that the Delaware Supreme Court ruled in *Carr v. State*[24] that there was no equitable tolling doctrine applicable to Rule

---

worn out his welcome in filing successive Rule 61 motions that he was barred from doing so again without leave of the Court.

[23] The *Epperson* Court, apparently acknowledging that a miscarriage of justice standard would have invalidated the bar to filing a successive motion, said "in the absence of any evidence of a miscarriage of justice, we conclude that the Superior Court correctly denied Epperson's motion." *Epperson*, 901 A.2d at 119. The term "miscarriage of justice" is not found in the version of Rule 61 in effect as of the filing of this motion. *See Webster v. State*, 604 A.2d 1364, 1365 (Del. 1992) (recounting a rule change to Rule 61 to remove a "miscarriage of justice" as a basis for relief).

[24] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

9

61 motions, he asks the Court to overturn *Carr,* or, in the alternative, to adopt a "mailbox rule" with respect to inmate filings.

The State responds as one might expect: Rule 61(i)(5) sets forth the very limited bases upon which the Court might excuse the one-year filing requirement and none of them are applicable here. This is not a case in which Ayers was denied Rule 61 counsel. One was appointed after he finally filed a motion under Rule 61. The rule does not allow appointment of counsel prior to the filing of a Rule 61 motion. Finally equitable tolling under Rule 61 has been rejected despite numerous previous requests.[25]

## ANALYSIS

The Court wrote to the Defendant twice, gratuitously reminding him of the one-year deadline applicable to Rule 61 motions.[26] The Defendant points out that the Court misstated the deadline to be May 14 when it was May 10th, but that doesn't matter. He filed on May 17.[27] He was late filing under either deadline.

---

[25] *E.g., Chapman v. State*, 931 A.2d 436, 436 (Del. 2007); *Brathwaite v. State*, 2015 WL 1966250 at *4 (Del. April 27, 2015) (citing *Chapman*, 931 A.2d at 436); *State v. Miller*, 2017 WL 1969780, at *13, n.86 (Del. Super May 11, 2017) (citing *Chapman*, 931 A.2d at 436).

[26] *State v. Ayers* (ID No. 1710003395), D.I. 155 Letter from Ct. to Def. at 1 (Oct. 7, 2021); *State v. Ayers* (ID No. 1710003395), D.I. 158 Letter from Ct. to Def. at 1 (Mar. 17, 2022).

[27] *State v. Ayers* (ID No. 1710003395), D.I. 160 Mot. for Post-Conviction Relief at 1 (May 17, 2022); *see also* A2810.

Defendant's arguments concerning his inmate status and access to legal materials, conditions of confinement and so forth are not well taken. Rule 61 expects that it will be used almost exclusively by inmates in prisons with the same limitations of access about which he complains. Were the Court to accept the proposition that he gets extra time because he is an inmate, the deadline in the rule would mean nothing.

Defendant advocates for a "mailbox rule" for inmate pleadings; but there is no such mailbox rule applicable to inmate pleadings in Delaware. Indeed, Delaware Rules of Criminal Procedure Rule 45 relating to "Time" specifically rejects time extensions under Rule 61, whether for "good cause" or "excusable neglect": "the court may not extend the time for taking any action under Rules 29, 33, 34, 35, and 61(i)(1), except to the extent and under the Conditions stated in them."[28] There are no conditions "stated" in Rule 61 that except the motion from the 1 year time requirement. In fact, Rule 61(i)(1) says "A motion for postconviction relief **may not be filed** more than one year after the judgment of conviction is final" except for retroactively applied new rules of constitutional law, which is not applicable to this motion.

---

[28] Super. Ct. Crim. R. 45(b).

Exceptions, extensions and waivers of the time requirement appear to have universally failed when it comes to the timely filing of a Rule 61 motion.[29]  Perhaps this is due to the recognition that inmates usually suffer the very limitations articulated by the Defendant here and to allow some exceptions puts the Court in the dubious position of having to determine which pleadings (or pleaders) are worthy of exception and which are not.  A "bright line" rule of 1 year from the date the mandate issues has at least the benefit of clarity and easy, uniform application.

Finally, the Supreme Court has specifically rejected the concept of "equitable tolling" in the face of late *pro se* inmate pleadings.[30]  After considering the argument, the Supreme Court spoke with refreshing clarity:  "The doctrine of equitable tolling is inapplicable to a motion for postconviction relief."[31]

There is no "mailbox rule" for inmate pleadings in Delaware.[32]  There is no equitable tolling of the Rule 61 deadline for filing.[33]  Rule 61 itself has no applicable

---

[29] *See, e.g., Foster v. State*, 38 A.3d 1254, 1254 (Del. 2012).

[30] "[I]t is settled law that the equitable tolling doctrine does not apply to a motion for postconviction relief." *Hassett v. State*, 147 A.3d 1133, 1133 (Del. 2016) (citing *Turnage v. State*, 2015 WL 6746644, *2 (Del. Nov. 4, 2015)).

[31] *Chapman*, 931 A.2d at 436.

[32] " Delaware courts have never adopted a prison mailbox rule." *George v. State*, 209 A.3d 24, 24 (Del. 2019) (citing *Smith v. State*, 47 A.3d 481, 482 (Del. 2012)).

[33] *Brathwaite*, 2015 WL 1966250 at *4 (citing *Chapman*, 931 A.2d at 436).

relaxation of the deadline on these facts and Rule 45 specifically bars consideration of "excusable neglect" in failing to file within 1 year.  Given these many barriers to consideration of a late filed motion under Rule 61, the Court is required to dismiss Defendant's motion as time barred.

**IT IS SO ORDERED.**

/s/ Charles E. Butler\
Charles E. Butler, Resident Judge

cc:   Prothonotary