# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYRONE A. REDDEN, | § | |
| | § | No. 529, 2015 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | Court Below: |
| v. | § | Superior Court of the |
| | § | State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. I.D. No. 0701015161 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: October 5, 2016
Decided: October 27, 2016

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

Upon appeal from the Superior Court. **AFFIRMED**.

John A. Barber, Esquire, Law Office of John A. Barber, Wilmington, Delaware for Appellant.

Gregory E. Smith, Esquire, Department of Justice, Wilmington, Delaware for Appellee.

**VALIHURA**, Justice:

# I. INTRODUCTION

Defendant below, Tyrone Redden ("Redden"), seeks review of the Superior Court's September 1, 2015 Order[1] denying his Amended Motion for Postconviction Relief (the "Amended Motion"). At issue in this appeal are two out-of-court statements introduced at Redden's trial pursuant to 11 *Del. C.* § 3507. In his Motion, Redden argued that his trial counsel was ineffective for failing to object to the Section 3507 statements after the State failed to ask each witness whether his or her out-of-court statement was truthful. Redden further argued that his appellate counsel was ineffective for failing to raise the same issue on direct appeal. The Superior Court denied the Amended Motion, holding that Redden's claims were procedurally barred under Rule 61(i)(1) and (i)(2).

As set forth below, we agree with the Superior Court that Redden's claims are procedurally barred and therefore AFFIRM the Superior Court's Order denying Redden's Motion.

# II. FACTUAL AND PROCEDURAL BACKGROUND[2]

Redden's convictions stem from a series of burglaries and attempted burglaries that occurred at four homes between January 3 and January 17, 2007.[3] During these incidents, the suspects were seen in a white minivan and a Chrysler 300. On January 17, 2007, Redden was arrested when the police stopped a Chrysler 300 matching the

---

[1] *State v. Redden*, 2015 WL 5168123 (Del. Super. Sept. 1, 2015) [hereinafter *Redden IV*, 2015 WL 5168123, at __"].

[2] Although additional evidence was presented at Redden's trial, this Opinion details only those facts necessary to understanding the witness testimony at issue in this appeal.

[3] *See Redden v. State*, 2009 WL 189868, at *1 (Del. Jan. 14, 2009) [hereinafter "*Redden I*, 2009 WL 189868, at __"].

description of the suspects' vehicle.[4]  In the glove box, police found a rental agreement signed by Redden and his sister, Desarie Dennis ("Dennis").

At trial, Dennis testified that she rented a Chrysler 300 at Redden's request. However, she claimed not to remember whether she also rented a white minivan, even after being shown a receipt with her signature on it.  The State introduced Section 3507 testimony concerning a statement Dennis made to the police that she had rented both vehicles.  Dennis then testified that she did in fact rent the minivan.  Redden's trial counsel challenged the voluntariness of Dennis's statement,[5] but not the State's failure to ask Dennis whether her statement to the police was truthful.

Another witness, Eugene Lai ("Lai"), testified that he woke from a nap to discover a man attempting to pry open his door while another man stood nearby.  Lai further testified that the police presented him with a photo array, on which he identified one of these men as Redden's codefendant, James Ross ("Ross").  The State introduced the prior identification pursuant to Section 3507 without eliciting testimony concerning the prior statement's truthfulness.  Redden's counsel did not object.

On October 24, 2007, a jury found Redden guilty of three counts of Burglary Second Degree, three counts of Theft Over $1,000, three counts of Conspiracy Second Degree, one count of Possession of Burglar's Tools, one count of Theft of a Firearm, and one count of Possession of a Deadly Weapon by a Person Prohibited.  On December 21,

---

[4] *Id.* at *1.

[5]  A79 (Tr. 177:17-20) ("I'm pretty sure I heard her say it was not a voluntary statement. Therefore, I don't think it complies with the 3507 requirements and he shouldn't be allowed to introduce the statement at this point.").

3

2007, the State moved to declare Redden a habitual offender. On January 25, 2008, the Superior Court declared him a habitual offender and sentenced him to 43 years of incarceration.

On January 14, 2009, this Court affirmed Redden's convictions.[6] On June 3, 2009, Redden filed a motion for a new trial, which the Superior Court denied.[7] On appeal, this Court found that the Superior Court addressed only one of Redden's two claims and remanded for a ruling on the second claim. On remand, the Superior Court found the second claim to be without merit,[8] and this Court affirmed on June 25, 2010.[9] On August 20, 2013, Redden filed a *pro se* motion for postconviction relief. On July 10, 2014, Redden's court-appointed counsel filed the Amended Motion.[10] The Superior Court denied the Amended Motion on September 1, 2015,[11] and this appeal followed.

### III.    ANALYSIS

### A.    *Contentions of the Parties*

Redden contends that the Superior Court erred in holding that his claims were procedurally barred under Rule 61(i)(1) and (i)(2), arguing that these procedural bars do not apply pursuant to former Rule 61(i)(5)'s "miscarriage of justice" exception.[12] He argues that this exception contemplates his ineffective assistance of counsel claims. The

---

[6] *Redden I*, 2009 WL 189868, at *2.

[7] *See Redden v. State*, 2010 WL 2560041, at *1 (Del. June 25, 2010) [hereinafter *Redden III*, 2010 WL 2560041, at __"].

[8] *Redden v. State*, 2010 WL 893685, at *2 (Del. Super. Jan. 12, 2010) [hereinafter *Redden II*, 2010 WL 893685, at __"], *aff'd*, *Redden III*, 2010 WL 2560041.

[9] *Redden III*, 2010 WL 2560041, at *2.

[10] *Redden IV*, 2015 WL 5168123, at *1.

[11] *Id.* at *3.

[12] The Superior Court did not address whether Rule 61(i)(5)'s "miscarriage of justice" exception applied. *See Redden IV*, 2015 WL 5168123.

State responds that ineffective assistance of counsel alone does not satisfy the exception set forth in former Rule 61(i)(5). Alternatively, the State argues that Redden failed to demonstrate ineffective assistance of counsel.

### B. *Standard and Scope of Review*

This Court reviews a trial court's denial of a motion for postconviction relief for abuse of discretion.[13] "Constitutional questions and other questions of law are reviewed *de novo*."[14]

### C. *Redden's Claims Are Procedurally Barred Under Rule 61*

Before reaching the merits of Redden's Amended Motion, this Court must determine whether his claims are procedurally barred, applying the version of Superior Court Criminal Rule 61 that was in effect at the time Redden filed his *pro se* motion.[15]

The Superior Court determined that Redden's Amended Motion was time barred under Rule 61(i)(1) and procedurally barred under Rule 61(i)(2).[16] Pursuant to Rule 61(i)(1), a motion for postconviction relief must be filed within one year after the judgment of conviction is final, which occurs "when the Supreme Court issues a mandate or order finally determining the case on direct review."[17] Redden filed his *pro se* motion

---

[13] *Hoskins v. State*, 102 A.3d 724, 728 (Del. 2014) (citing *Neal v. State*, 80 A.3d 935, 941 (Del. 2013)).

[14] *Id*. (italics added) (citing *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013)).

[15] *See Bradley v. State*, 135 A.3d 748, 757 n.24 (Del. 2016) (noting that this Court applies the version of Rule 61 in effect at the time a defendant files a motion for postconviction relief). All citations to Rule 61 in this Opinion refer to the version in effect on August 20, 2013, the date Redden filed the *pro se* motion. *See* A13, at DI 131.

[16] *Redden IV*, 2015 WL 5168123, at *2.

[17] Del. Super. Ct. Crim. R. 61(m)(2).

on August 20, 2013, more than a year after his conviction became final.[18]  Accordingly, the Superior Court properly held that the Amended Motion was time barred.

Rule 61(i)(2) bars consideration of issues asserted in subsequent motions for postconviction relief that were not asserted in a prior motion.[19]  The Supreme Court denied Redden's 2009 motion for a new trial under Rules 33 and 61.[20]  Therefore, the Superior Court determined that the Amended Motion was Redden's second motion for postconviction relief.[21]  Because Redden did not raise the ineffective assistance of counsel claims in his 2009 motion, these claims are now barred under Rule 61(i)(2).

**D.**      ***Redden Has Not Demonstrated a Colorable Claim That There Was a Miscarriage of Justice Pursuant to Rule 61(i)(5)***

At the time of Redden's Amended Motion, Rule 61(i)(5) provided that the bars to relief in Rule 61(i)(1)-(3) did not apply "to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity[,] or fairness of the proceedings leading to the judgment of conviction."[22]  The petitioner "bears the burden of proving the existence of a constitutional violation under Rule 61(i)(5)."[23]

"A meritorious ineffective assistance of counsel claim that demonstrates a

---

[18] A13, at DI 131.  This Court's mandate issued on February 6, 2009.
[19] Del. Super. Ct. Crim. R. 61(i)(2).
[20] *Redden III*, 2010 WL 2560041, at *1.
[21] *Redden IV*, 2015 WL 5168123, at *2.
[22] Del. Super. Ct. Crim. R. 61(i)(5).
[23] *Summers v. State*, 2014 WL 3559688, at *1 (Del. July 17, 2014) (citing *Gattis v. State*, 955 A.2d 1276, 1290 (Del. 2008)).

6

constitutional violation may be considered an exception under Rule 61(i)(5)."[24]   To demonstrate ineffective assistance of counsel, a defendant must satisfy two requirements. *First*, the defendant must establish that his or her "counsel's representation fell below an objective standard of reasonableness."[25]   Doing so requires overcoming a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"[26] *Second*, the defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[27]   A reasonable probability requires more than a showing "merely that the conduct 'could have or might have or it is possible that [it would have]' led to a different result."[28]   "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[29]

Here, any failure of Redden's trial counsel to object to the introduction of Dennis and Lai's Section 3507 statements does not satisfy Rule 61(i)(5)'s "miscarriage of justice" exception.  Section 3507 provides that "the voluntary out-of-court prior statement

---

[24] *Flowers v. State*, __ A.3d __, 2016 WL 6196304, at *5 (Del. Oct. 21, 2016) (*en banc*)); *see Younger v. State*, 580 A.2d 552, 555 (Del. 1990) (suggesting that the Court would consider an ineffective assistance of counsel claim collaterally if "a constitutional violation has occurred"); *cf. State v. Wilmer*, 2003 WL 751181, at *5 (Del. Super. Feb. 28, 2003) ("Because [the defendant] cannot establish that he received ineffective assistance of counsel, Rule 61(i)(5) does not apply . . . .").

[25] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[26] *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

[27] *Id*. at 694.

[28] *Neal*, 80 A.3d at 942 (quoting *Ploof*, 75 A.3d at 867).

[29] *Strickland*, 466 U.S. at 694.

of a witness who is present and subject to cross-examination may be used as affirmative evidence with substantive independent testimonial value."[30] The statement is admissible "regardless of whether the witness' in-court testimony is consistent with the prior statement or not."[31] Such statements are also admissible irrespective of the witness's response to the prosecutor's foundational questions.[32] Further, there is a distinction between defense counsel's right to insist that the State establish the truthfulness of the statement and defense counsel's right to "make a professional judgment not to object" if the State fails to do so.[33]

At Redden's trial, the State did not ask either Dennis or Lai whether their prior out-of-court statements were truthful,[34] and Redden's trial counsel did not object on that basis. Redden's trial counsel stated that he could "see why [he] wouldn't have[,]" because Dennis's testimony did not appear credible, and the prosecutor "would have had a field day" if Dennis testified that her statement to the police was untruthful.[35] As to Lai's statement, trial counsel, although his current memory of the testimony had faded, noted that Lai's testimony "appears to have been credible" and that he "probably figured there was nothing to gain" by objecting. In addition, Lai testified that he "basically just

---

[30] 11 *Del. C.* § 3507(a).

[31] 11 *Del. C.* § 3507(b).

[32] *See Flowers*, 2016 WL 6196304, at *4 ("Our decision in *Moore* explained, '[u]nder § 3507, there is no requirement that the witness either affirm the truthfulness of the out-of-court statement, or offer consistent trial testimony.'" (quoting *Moore v. State*, 1995 WL 67104, at *2 (Del. Feb. 17, 1995))).

[33] *Id.* at *3.

[34] A78 (Tr. 175:13-177:9); A141-42 (Tr. 216:11-218:7).

[35] Aff. of Jerome M. Capone at B2, *State v. Redden*, I.D. No. 0701015161 (Del. Super. Dec. 5, 2014), *available at* B1-3.

8

told [the police] the story right now that I told you."[36] There is no basis on this record to doubt that Redden's trial counsel's failure to object was "within the wide range of reasonable professional assistance[.]"[37] As such, trial counsel's conduct was objectively reasonable.

Additionally, Redden has not demonstrated a reasonable probability that an objection to the Section 3507 statements would have changed the outcome of his trial. Objecting would have resulted in the State inquiring about the truthfulness of the prior statements, but the statements would have been admissible regardless of whether Dennis and Lai denied or affirmed their truthfulness. Accordingly, an objection at trial would not have affected the evidence heard by the jury.

Similarly, Redden has not demonstrated that his appellate counsel was ineffective. Redden's appellate counsel stated that he "used [his] best judgment, and strategic reasoning, in selecting the issues most likely to succeed on appeal."[38] He further noted that raising a claim reviewed only for plain error "can have the effect of weakening what otherwise may be strong arguments."[39] This appellate strategy was not objectively unreasonable,[40] particularly given the rigor of plain error review.[41]

_____

[36] A141 (Tr. 216:16-17).

[37] *Strickland*, 466 U.S. at 689.

[38] Aff. of Andrew W. Gonser at B4, *State v. Redden*, No. 0701015161 (Del. Super. Mar. 18, 2015), *available* at B4-5.

[39] *Id.* at B5.

[40] *See Flamer v. State*, 585 A.2d 736, 758 (Del. 1990) ("A strategy, which structures appellate arguments on 'those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.'" (quoting *Smith v. Murray*, 477 U.S. 527, 536, (1986))).

Because Redden has not established ineffective assistance of trial or appellate counsel, he has not demonstrated a "colorable claim that there was a miscarriage of justice" such that Rule 61's bars to relief should not apply. Accordingly, the Superior Court properly held that his Amended Motion was barred under Rule 61(i)(1) and (i)(2).

### IV.     CONCLUSION

For the foregoing reasons, Redden's claims are procedurally barred by Rule 61. Accordingly, we AFFIRM the Superior Court's Order.

---

[41] *See Hoskins*, 102 A.3d at 735 ("Under the plain error standard of review, the error must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process." (citations and internal quotation marks omitted)).