IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WARREN BROOKS, | § | |
| | § | No. 70, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. K1305019721 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 17, 2018
Decided: November 13, 2018

Before **VAUGHN, SEITZ,** and **TRAYNOR**, Justices.

## **O R D E R**

This 13th day of November, 2018, after careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) In May 2013, a Dover police officer was on patrol on South New Street, "a high-crime, high-drug area" in Dover. The officer observed a large group of people and, sensing that there might be a problem, reported the situation to his supervisor. Because the officer was alone, he returned to the police station to pick up additional officers and develop a plan.

(2) At the police station, the group of officers monitored the activities on South New Street through remote surveillance cameras. While observing the broadcast, officers saw one of the co-defendants, Trevor Jenkins, approach an

automobile parked on South New Street, retrieve an object from the driver's compartment, and jump over a fence in the alley. The officers also saw Appellant Warren Brooks walk to the same vehicle. He opened the trunk, removed a long object covered with what turned out to be a pair of jeans and walked to the alleyway fence that Jenkins had previously jumped. Once in the alleyway, Brooks left the concealed object on the side of the fence to be retrieved by another co-defendant, Derrell Snipes. Based on this activity, officers suspected that Jenkins and Brooks had both retrieved firearms from the car.

(3)    Officers were subsequently dispatched to New Street. All three defendants had gathered in an alleyway and started to run when they saw the approaching officers. Despite the officers' commands, they continued to flee. The officers observed Snipes discard the jeans containing the object that Brooks had retrieved from the car. The police eventually apprehended all three defendants and took them into custody. Inside the jeans, officers discovered a sawed-off shotgun loaded with two twelve-gauge rounds. Officers also found a Taurus .38 Special revolver loaded with five rounds in Jenkins' right rear pocket. All three defendants had previously been prohibited from possessing a firearm and a stipulation to that effect was entered at trial.

(4)    In February 2014, a jury found Brooks guilty of (i) one count of possession of a firearm or firearm ammunition by a person prohibited; (ii) one count

2

of possession of a deadly weapon by a person prohibited; (iii) one count of carrying a concealed deadly weapon; and (iv) one count of resisting arrest. The jury failed to reach a conclusion on the charge of conspiracy second degree, and the State entered a *nolle prosequi* on that charge. Brooks was sentenced to ten years and nine months of unsuspended Level V incarceration, followed by probation. This Court affirmed his conviction on direct appeal.[1]

(5) On June 1, 2015 (the date on which the 2015 revisions to Rule 61 became effective), Brooks filed a *pro se* motion for postconviction relief alleging multiple grounds for relief, including ineffective assistance of counsel. The Superior Court appointed counsel to represent Brooks in his motion. Brooks's new counsel filed an amended motion for postconviction relief in September 2016 and waived all grounds previously raised in Brooks's *pro se* motion, instead alleging ineffective assistance of trial counsel.

(6) In September 2017, a Superior Court Commissioner submitted a report recommending that Brooks's amended motion be denied as procedurally barred under Rule 61 because it had been previously adjudicated and because Brooks failed to prove cause and prejudice excusing procedural default.[2] The Superior Court

---

[1] *Brooks v. State*, 2015 WL 802995 (Del. Feb. 24, 2015).
[2] Ex. A to Op. Br.

3

denied Brooks's motion for the reasons set forth in the Commissioner's report.[3] This appeal followed.

(7)    Brooks advances two arguments on appeal.  First, he argues that the Superior Court erred in finding that his counsel was not ineffective for failing to seek a severance of the person-prohibited charge and for stipulating that he was a person prohibited.  Second, he claims that the Superior Court erred in finding that his counsel was not ineffective for failing to request a bill of particulars.

(8)    To prevail on an ineffective assistance of counsel claim, the defendant must first demonstrate that his or her "counsel's representation fell below an objective standard of reasonableness."[4]  To do so, the defendant must overcome a strong presumption "that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"[5]  Second, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[6]  A reasonable probability requires more than a showing "merely that the conduct 'could have or might have or it is possible that [it would have]' led

---

[3] Ex. B to Op. Br.
[4] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).
[5] *Id.* at 689.
[6] *Id.* at 684.

4

to a different result."[7] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[8]

(9) Brooks and his co-defendants, Jenkins and Snipes, were tried together and jointly stipulated that, on the date of the alleged offenses, "they were prohibited under Delaware law from owning, possessing and/or controlling a firearm and/or firearm ammunition."[9] Brooks now blames his lawyer for making this admission, claiming that, instead, he should have moved to sever and requested a separate trial on the person-prohibited charge. According to Brooks, "[p]erson-[p]rohibited charges are routinely severed to avoid prejudice"[10] and "[t]here is no valid reason or strategy for a trial lawyer to admit to the jury by way of stipulation that his client is prohibited from possessing a firearm" rather than to move to sever.[11]

(10) Joinder of person-prohibited charges with other charges is appropriate when the charges are "based on the same act or transaction . . . . constituting parts of a common scheme or plan."[12] All of the charges against Brooks, including the person-prohibited charge, related to the same act or transaction—the incident that occurred on May 24, 2013 on South New Street in Dover. But "[i]f it appears that a

---

[7] *Redden v. State*, 150 A.3d 768, 774 (Del. 2016) (citing *Neal v. State*, 80 A.3d 935, 942 (Del. 2013)).
[8] *Strickland,* 466 U.S. at 684.
[9] App. to Op. Br. A1214–15.
[10] Corr. Op. Br. 14.
[11] *Id*. at 15–16.
[12] Del. Super. Ct. Crim. R. 8(a).

defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of the defendants or provide whatever other relief justice requires.[13]

(11) We have previously recognized that "although it is true that person prohibited charges are frequently severed, it is also true that they are sometimes tried together with the other charged offenses."[14] An accused might elect to proceed with a single trial for a variety of reasons, including avoiding the prospect of a second trial despite an acquittal on the non-severed charges at the first trial. And here, where the principal question for the jury to determine was whether Brooks possessed the loaded shotgun, it is difficult to accept Brooks's contention that the *only* objectively reasonable strategy was to seek severance.

(12) Moreover, with respect to an ineffective assistance of counsel claim, a defendant must show that "joinder of the offenses was sufficiently prejudicial that it was objectively unreasonable for defense counsel not to move for severance."[15] Brooks argues that severance of the person-prohibited charge is appropriate because the jury might have been "unable to compartmentalize their judgment of guilt or innocence with regard to each of the separate counts of the indictment, and may infer

---

[13] Del. Super. Ct. Crim. R. 14.
[14] *Dale v. State*, 2017 WL 443705, at *2 (Del. Jan. 31, 2017).
[15] *Id.*

6

a general criminal disposition."[16] But Brooks was indicted on only five counts all stemming from the same act. Based on the indictment, it is unlikely that the jury would have been unable to compartmentalize the conduct relating to each separate count. Furthermore, the stipulation entered at trial was limited and did not disclose the reason why Brooks was prohibited from possessing a firearm.[17] The potential of substantial prejudice was significantly reduced because the jury did not see or hear any evidence of Brooks' prior conviction of second-degree robbery in August 2008.

(13) Even if we were to accept as true that it was objectively unreasonable for trial counsel to stipulate to Brooks being a person prohibited, Brooks has failed to show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. The evidence against Brooks was compelling. A video shows him removing the concealed shotgun from the trunk of a car, carrying it up the sidewalk, and placing it by the fence. Given the video evidence, had the person-prohibited charges been severed, it is more likely than not that a rational jury would have still found Brooks guilty of the remaining charges against him.

---

[16] Corr. Op. Br. 15–16 (quoting *Massey v. State*, 953 A.2d 210, 218 (Del. 2008)).

[17] *See* App. to Op. Br. A616. The stipulation entered at trial stated, "It is hereby stipulated between the State and the defendants . . . . that on May 24, 2013, they were prohibited under Delaware law from owning, possessing, and/or controlling a firearm and/or firearm ammunition."

7

(14) Trial counsel avers in his affidavit that the person-prohibited stipulation was a "choice of evil."[18] Doing so, he states, prevented the jury from discovering that Brooks had a second-degree robbery conviction in August 2008.[19] As noted by the Commissioner, this was "an entirely reasonable trial strategy" and it "minimized the damage of Brooks's criminal past."[20] Viewed together, trial counsel's decisions to forgo a severance motion so that Brooks faced one trial and to stipulate that Brooks was a person-prohibited were neither objectively unreasonable nor sufficiently prejudicial to warrant relief under Rule 61.

(15) Brooks further asserts that his trial counsel was ineffective for failing to request a bill of particulars, presumably to gain a better understanding of the firearm-possession charges listed in the indictment. According to Brooks, the reliability of the verdict was undermined because the basis for the verdict is unknown. He claims that "it is unclear from the indictment and from the evidence put forth by the State whether [he] was convicted of two separate actions or whether he was convicted of charges stemming from the same incident, thus implicating a claim of double jeopardy."[21]

---

[18] *Id.* at A1233.
[19] *Id.*
[20] *Brooks*, 2017 WL 5969339, at *5.
[21] Corr. Op. Br. 4–5.

(16)     An indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."[22]  Under Delaware law, the function of an indictment is "to put the accused on full notice of what he is called upon to defend, and to effectively precluded subsequent prosecution for the same offense."[23]  In addition to the indictment, the court may direct the filing of a bill of particulars, which is "intended to supplement the information set forth in the indictment, and in so doing, it both 'protects the defendant against surprise during the trial, and precludes subsequent prosecution for an inadequately described offense.'"[24]  We have held that where the defendant is "uncertain of what specific conduct he was being prosecuted for, it [is the defendant's] burden to move for a bill of particulars."[25]

(17)     In this case, the indictment was sufficiently particular to put Brooks on notice of the conduct with which he was charged so that he could defend himself.  A bill of particulars would not have provided Brooks with any additional information that was not already enumerated in the indictment or the affidavit of probable cause.  It was therefore not objectively unreasonable for trial counsel not to request a bill of particulars.  Moreover, as mentioned, the evidence against Brooks was strong, and

---

[22] Del. Super. Ct. Crim. R. 7(c)(1).

[23] *Luttrell v. State,* 97 A.3d 70, 76 (Del. 2014) (quoting *Malloy v. State*, 462 A.2d 1088, 1092 (Del. 1983)).

[24] *Id.* (quoting *Lovett v. State*, 516 A.2d 455, 467 (Del. 1986)).

[25] *Id.* (quoting *Howard v. State*, 2009 WL 3019629, at *4 (Del. Sept. 22, 2009) (Table)).

he has not shown how a bill of particulars would have helped him achieve a different result at trial.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Gary F. Traynor
Justice

10