IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM BURTON, | § | |
| | § | No. 287, 2018 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID. No. 1301022871(N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: December 12, 2018
Decided: December 26, 2018

Before **STRINE**, Chief Justice, **VALIHURA**, and **SEITZ**, Justices.

## **ORDER**

This 26th day of December, 2018, having considered the briefs and the record below, it appears to the Court that:

(1)    After a Superior Court bench trial, the trial judge found William Burton guilty of drug dealing, aggravated possession of cocaine, two counts of illegal possession of marijuana, and possession of drug paraphernalia.  While his direct appeal was pending, evidence irregularities were found in an unrelated case involving testimony from the Office of Chief Medical Examiner ("OCME").  The Public Defender's office filed a motion for postconviction relief on behalf of a number of defendants, including Burton, based on the OCME misconduct.  The

Superior Court denied the motion as to Burton without reaching the merits to allow Burton to pursue the motion on his own.[1]  We stayed Burton's direct appeal and remanded to allow Burton to file motions in his case to supplement the record and for a new trial in light of the OCME evidence irregularities.  The Superior Court denied Burton's motions, and this Court affirmed on appeal.[2]

(2)    Burton filed a motion for postconviction relief in August 2016.  The court appointed counsel, who filed an amended motion.  In the amended motion, Burton alleged that the State violated *Brady v. Maryland*[3] by withholding evidence related to the OCME misconduct.  He also claimed that his trial counsel was ineffective under *Strickland v. Washington*[4] for agreeing to stipulate to the State's trial evidence without his consent.  The Superior Court found that Burton's claims were not procedurally barred under Rule 61 and denied both claims on the merits.[5] Burton has appealed from this decision.

(3)    We review the Superior Court's decision to deny postconviction relief for abuse of discretion.[6]  We review questions of law or constitutional violations *de novo*.[7]  Before addressing the merits, Burton must meet the procedural requirements

---

[1] App. to Opening Br. at A522-23 (Letter from Judge Carpenter on *pro se* Motion).
[2] *Burton v. State*, 2016 WL 3381847 (Del. June 8, 2016).
[3] 373 U.S. 83 (1963).
[4] 466 U.S. 668 (1984).
[5] *State v. Burton*, 2018 WL 2077325 (Del. Super. Apr. 30, 2018).
[6] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).
[7] *Id*.

of Superior Court Criminal Rule 61."[8]  The Superior Court must apply the version of Rule 61 in effect at the time the motion for postconviction relief was filed.[9]

(4)  For the *Brady* claim the Superior Court implicitly decided that Burton's claim was formerly adjudicated in Burton's earlier motion and thus barred under Rule 61(i)(4).[10]  But the court applied the "miscarriage of justice" exception under Rule 61(i)(5) to reach the merits of his claim.[11]  Unfortunately, the Superior Court applied the incorrect version of Rule 61 when reviewing Burton's motion.  Burton filed his motion for postconviction relief on August 11, 2016.  Thus, the June 1, 2015 version of Rule 61 applied.  Under that, and subsequent, versions of the rule there is no longer a miscarriage of justice exception.[12]  The June 1, 2015 version's only exceptions to Rule 61(i)(4) are if the movant "pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent" or "claim[s] that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme

---

[8] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[9] *Redden v. State*, 150 A.3d 768, 778 (Del. 2016).

[10] The Superior Court failed to make a definitive statement that the issue was formerly adjudicated but framed the discussion under Burton's argument that the issue "should not be barred procedurally under Rule 61(i)(4)."  The court then went on to cite the superseded "miscarriage of justice" exception before analyzing the merits.  *Burton*, 2018 WL 2077325, at *2.

[11] The Superior Court also referenced the "interest of justice" exception, but this exception was removed in 2014.  *Coles v. State*, 2017 WL 3259697, at *2 (Del. Jul. 31, 2017) (interest of justice exception no longer applicable after 2014 amendments to Rule 61).

[12] *State v. Sturgis*, 2018 WL 6046759, at *3 (Del. Super. Nov. 19, 2018) (finding that the miscarriage of justice exception no longer applies under the new version of Rule 61).

Court, applies to the movant's case and renders the conviction or death sentence invalid."

(5)     When the correct version of Rule 61 is applied, Burton's *Brady* claim is barred. Burton has already raised his *Brady* claim in his November 2015 motion for a new trial.[13] Thus, the claim is formerly adjudicated. Burton correctly points out that some additional information about the OCME misconduct has come to light since then, and there were minor weight discrepancies in the substances seized from him. But, the additional information does not provide "a strong inference" of Burton's "actual[] innocen[ce]" as the new rule requires.[14] Simply alleging general problems at the OCME or slight weight differences is insufficient to imply actual innocence in Burton's case, especially when Burton has not claimed actual innocence. Further, Burton has not directly alleged that the substances collected during the investigation of his criminal activity were not illegal drugs. Thus, Burton's *Brady* claim is barred by Rule 61.

(6)     Burton's Strickland claim is not barred by Rule 61.[15] A *Strickland* ineffective assistance of counsel claim requires that the movant show "a reasonable

---

[13] App. to Opening Br. at A327-33 (Order Denying Motion for New Trial).

[14] Super. Ct. Crim. R. 61(d)(2)(i) (2016).

[15] Timely ineffective assistance of counsel claims cannot be raised on direct appeal, and must instead be argued in a postconviction motion. *Watson v. State*, 80 A.3d 961 2013 WL 5745708 at *2 (Del. 2013) (TABLE) ("this Court will not consider a claim of ineffective assistance that is raised for the first time in a direct appeal.").

4

probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different."[16]  If Burton cannot show prejudice by counsel's alleged errors, we need not decide if "counsel's representation fell below an objective standard of reasonableness."[17]  Here, Burton has alleged that his trial counsel was ineffective for stipulating to the State's drug evidence, but, as the Superior Court correctly decided, he cannot show prejudice by counsel's alleged errors.  As the Superior Court held, it is unlikely trial counsel would have achieved anything by contesting the drug evidence.  Burton knowingly, intelligently, and voluntarily agreed to stipulate to the State's drug evidence. The evidence of Burton's guilt was also overwhelming.  Burton confessed to flushing cocaine down the toilet, and the drugs were seized from his room while he was present.[18]  Thus, Burton's *Strickland* claim fails.

---

[16] *Strickland*, 466 U.S. at 694 (1984).

[17] *Id.*  Purnell v. State, 106 A.3d 337, 342 (Del. 2014) ("In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.") (quoting *Strickland*, 466 U.S. at 697); *Ploof v. State*, 75 A.3d 811, 828 (Del. 2013) (declining to examine the first prong where prejudice is not established).

[18] App. to Opening Br. at A60 (Tr. of Detective Leary Testimony) (describing the substances found); App. to Answering Br. at B1 (Arrest/Incident Report) ("[Burton] then freely admitted he had 'flushed all his cocaine'").

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice