# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                      |   |                      |
|----------------------|---|----------------------|
| STATE OF DELAWARE,   | ) |                      |
|                      | ) |                      |
| Plaintiff,           | ) |                      |
|                      | ) |                      |
| V.                   | ) | Cr. ID No. 1701007644 |
|                      | ) |                      |
| XAVIER SPADY,        | ) |                      |
|                      | ) |                      |
| Defendant.           | ) |                      |
|                      | ) |                      |

Submitted: October 24, 2019
Decided: December 10, 2019

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED

James K. McCloskey, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware.

Xavier Spady, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se*

MAYER, Commissioner

This 10th day of December, 2019, upon consideration of Defendant's Motion for Postconviction Relief, for the reasons that follow, it is hereby recommended that the motion be DENIED:

## BACKGROUND AND PROCEDURAL HISTORY

On January 12, 2017, Xavier Spady ("Defendant"), was an inmate serving a Level IV portion of his sentence at the Central Violation of Probation Center. Correctional Officers ordered Defendant to return to his cell after finishing dinner. Defendant refused, there was a verbal altercation, and Defendant "lunged" at one of the Correctional Officers, leading to a physical struggle. Another Officer intervened and when he attempted to restrain Defendant, the Officer was thrown off balance and he struck his head on a concrete wall. The incident was captured by surveillance cameras. Defendant was charged with Assault in a Detention Facility and Attempted Assault in a Detention Facility. Defendant qualified for sentencing as a habitual offender and if convicted, could have been sentenced to a minimum-mandatory of eight years to life on each charge.

Defendant's counsel ("Trial Counsel") obtained a continuance of the trial date in order to conduct a mental health evaluation and Trial Counsel eventually obtained multiple psycho-forensic and psychological reports. On October 30, 2017,

Defendant pled guilty to the two indicted offenses.[1] In exchange for the guilty plea, the State agreed not to seek to declare Defendant a habitual offender. As a result, the minimum-mandatory sentence was reduced to four years at Level V, but the parties jointly agreed to recommend a total of six years at Level V followed by decreasing levels of probation.[2]

The Court held a hearing and engaged in a detailed plea colloquy.[3] Defendant responded that he understood the rights that he was waiving by pleading guilty, and he admitted that he did in fact commit the acts supporting the two charges.[4] Defendant acknowledged that he discussed the evidence with Trial Counsel and he was satisfied with the representation he received.[5] After accepting the plea as knowing, intelligent and voluntary, the Court ordered a pre-sentence investigation. On January 19, 2018, the Court sentenced Defendant to three years at Level V and five years at Level V, suspended after three years for one year at Level III.[6]

---

[1] Defendant previously rejected a plea to Assault in a Detention Facility, with a recommendation of eight years at Level V, followed by six months at Level IV, with the State moving to declare Defendant a habitual offender. *See* D.I. # 9.

[2] The plea agreement also included the resolution of a pending violation of probation that was discharged as unimproved.

[3] *See* Plea Hearing Transcript of October 30, 2017, attached as Exhibit 2 to D.I. # 27.

[4] Plea Trans. at pp. 6-9.

[5] Plea Trans. at p. 12.

[6] D.I. # 11.

3

On January 4, 2019, Defendant filed a Motion for Postconviction Relief (the "Motion").[7] The Motion set forth the following claims: (1) Trial Counsel was ineffective because he failed to present any mitigating evidence at sentencing; and (2) Trial Counsel wrongly advised Defendant to plead guilty because he was struck first and the State could not prove he had the *mens rea* to support the charges.

The Court ordered Trial Counsel to submit an Affidavit with supporting materials.[8] On February 20, 2019, Defendant filed a document identifying questions for Trial Counsel to address.[9] Trial Counsel then submitted an Affidavit of Defense Counsel in Response to Rule 61 Motion for Postconviction Relief[10] and the State filed a Response.[11] In lieu of filing a reply, Defendant filed a Motion to Amend his Rule 61 Motion.[12] This pleading added a "third" claim: Trial Counsel was ineffective in leading Defendant to believe that he had obtained a plea to the least amount of time possible, Defendant was not receiving treatment for his mental illness, and Defendant would have prevailed at trial with a mental illness defense.

---

[7] D.I. # 13.

[8] The Court's Order also denied Defendant's Motion for Appointment of Counsel. D.I. # 18.

[9] *See* D.I. # 20. The Court accepted this document as an amendment to the Motion further explaining the bases for the two claims. D.I. # 21.

[10] D.I. # 22.

[11] D.I. # 27.

[12] D.I. # 32.

The Court accepted this further amendment and the State responded to the additional claims.[13] Briefing is now complete.

## LEGAL ANALYSIS OF CLAIMS

Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the Motion.[14] This is Defendant's first motion for post-conviction relief and it was timely filed.[15] Pursuant to Super. Ct. Crim. R. 61(i)(3) and (4), any ground for relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred.[16] Ineffective assistance of counsel claims cannot be raised at any earlier stage in the proceedings and are properly presented by way of a motion for postconviction relief.[17]

---

[13] D.I. # 34.

[14] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[15] *See* Super. Ct. Crim. R. 61(i)(1) (motion must be filed within one year of when conviction becomes final); Super. Ct. Crim. R. 61(m)(1) (If the defendant does not file a direct appeal, the judgment of conviction becomes final 30 days after the Superior Court imposes sentence).

[16] *See also* Super. Ct. Crim. R. 61(i)(5) and (d)(2)(i), (ii) (setting forth exceptions to the procedural bars).

[17] *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and the deficiencies in counsel's representation caused the defendant actual prejudice.[18] To prevail in the context of a case involving a guilty plea, Defendant must show that but for counsel's errors, there is a reasonable probability that he would not have pleaded guilty and instead would have insisted on going to trial.[19] Defendant must also overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[20] Further, mere allegations of ineffectiveness will not suffice, rather, a defendant must make and substantiate concrete allegations of actual prejudice.[21] Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[22]

---

[18] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[19] *Albury v. State*, 551 A.2d 53, 59 (Del.1988) (quoting *Strickland*, 466 U.S. at 694).

[20] *State v. Wright*, 653 A.2d 288, 293-94 (Del. Super. 1994) (citations omitted).

[21] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[22] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

I.    Trial Counsel Zealously Pursued Mental Health Reports to Assist Defendant

Defendant first argues that Trial Counsel was ineffective by failing to present any mitigating evidence. This argument is belied by the record. Trial Counsel obtained a report from Ernest DiStefano, a psycho-forensic evaluator, to develop a mitigation report. In addition, Trial Counsel retained Dr. Laura Cooney-Koss, a forensic psychologist, to conduct a comprehensive evaluation. Trial Counsel provided the reports to the State to assist with plea negotiations. According to the State's Response, it extended a more favorable plea offer after reviewing the reports. Prior to sentencing, Trial Counsel submitted a memorandum arguing mitigating circumstances and included the reports for the Court's consideration.[23] A review of the Sentencing Hearing transcript demonstrates the Court reviewed the memorandum,[24] that the State relied upon it in submitting its recommendation,[25] and Trial Counsel referenced it in support of his request that the Court not exceed the sentencing recommendation.[26] Trial Counsel then went further and highlighted, in detail, numerous mitigating factors for the Court's consideration.[27] The Court

---

[23] *See* Exhibit C to Affidavit at D.I. # 22.

[24] *See* Sentencing Transcript of January 19, 2018 at p. 2.

[25] Sent. Trans. at p. 4.

[26] Sent. Trans. at p. 9.

[27] Sent. Trans. at pp. 11-12.

considered these arguments in its sentencing determination.[28] Trial Counsel undoubtedly advocated for consideration of Defendant's mental health to mitigate the Court's sentencing decision. Defendant has failed to establish any error on this issue.

## II. Defendant Waived his Right to Contest "*Mens Rea*"

Next, Defendant argues that Trial Counsel was ineffective because the victim in this case struck Defendant first, and he did not have the requisite *mens rea* to support a conviction. Defendant entered into a Plea Agreement and executed the Truth-In-Sentencing Guilty Plea Form whereby he agreed that he was freely and voluntarily deciding to plead guilty. Through the plea colloquy, Defendant agreed to waive the right to question witnesses, contest the State's evidence and to present evidence in his own defense.[29] When questioned about the charges, Defendant freely admitted that he committed the acts.[30] A defendant is bound by his statements to the Court during the plea colloquy and a valid guilty plea waives his right to challenge any alleged errors, deficiencies or defects occurring prior to the entry of the plea.[31]

---

[28] Sent. Trans. at pp. 12-14.

[29] Plea Trans. at pp. 6-7.

[30] Plea Trans. at pp. 8-9.

[31] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997); *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2004).

Defendant cannot now challenge the evidence against him by couching the argument as ineffective assistance of counsel.

III.   Trial Counsel Secured a Favorable Sentencing Recommendation

Defendant's remaining argument is that his plea of guilty was not knowing, intelligent and voluntary because he was misled in believing counsel obtained a plea to the least amount of time possible. Defendant further states that had he known differently, he would have proceeded to trial where he would have presented his mental illness as a defense and "could have conceivably produced a different likely outcome."

The evidence against Defendant, including witnesses and surveillance video, was strong. If Defendant had proceeded to trial, he could have been convicted and sentenced to at least sixteen years at Level V, and there was a possibility of two life sentences. The sentence that he negotiated and received, intended to limit his Level V time to six years, is significantly less than what he could have received if he had proceeded to trial. Although Defendant argues Trial Counsel mistakenly led him to believe he would receive less time, the record contradicts this claim.

Trial Counsel's Affidavit attests that he had multiple opportunities to speak with Defendant about the evidence, risks of trial, and the plea/sentencing possibilities. Defendant rejected a plea offer that would have included a recommendation of at least eight years. In addition, at the Plea Hearing, the

9

prosecutor, Trial Counsel, and the Court recited the possible sentencing options.[32] After ensuring Defendant understood the possible minimum-mandatory sentence for the guilty plea, and that the Court could impose up to sixteen years of imprisonment, the Court also explained that it was not bound by counsel's recommendation of six years. Defendant knowingly, intelligently, and voluntarily entered into the plea with a full understanding that the parties were recommending six years of Level V time, but that the Court could impose much more. In light of the record in this case, there is nothing to support Defendant's allegations that he was misled or that counsel's actions fell below an objective standard of reasonableness.

Finally, to the extent Defendant seeks to unwind his plea, the existence of a mental illness does not, in and of itself, render a guilty plea involuntary. In the context of a guilty plea, "a defendant's competence is predicated on whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him."[33] There was no reason to doubt Defendant's competency to proceed with the plea and sentencing. Although Defendant asserts

---

[32] *See* Plea Trans. at pp. 2-3 (prosecutor reciting agreement to recommend six years, and that each charge has a minimum-mandatory of two years); p. 4 (Trial Counsel explaining minimum mandatory of two years and up to eight years on each charge); pp. 10-11 (Court explaining the two felonies include minimum consecutive sentences of two years to eight years for each charge).

[33] *Weeks v. State*, 653 A.2d 266, 270 (Del. 1995), quoting *Dusky v. United States*, 362 U.S. 402 (1960).

that he would have fared better if he had proceeded to trial, Defendant must show more than the possibility of a different result. In order to convince the Court that he would have prevailed, he must demonstrate a probability sufficient to undermine confidence in the outcome.[34]

Here, Trial Counsel's presentation to the Court and the Court's plea colloquy all support a knowing, intelligent and voluntary plea. Although Defendant did have reason to present his mental health as a mitigating circumstance, there was no reason to think he was not competent to proceed with his plea.[35] Defendant notified everyone that he had been a patient in a mental hospital in 2015. Trial Counsel also ensured the Court was aware of Defendant's mental health history.[36] There is a basis within the record to believe Defendant suffered from a mental illness, however, he has not presented any evidence that would have created doubt with respect to his competency or that would have convinced the trier of fact that his mental health issues created a viable defense.[37]

---

[34] *Redden v. State*, 150 A.3d 768 (Del. 2016), citing *Strickland*, 466 U.S. at 694.

[35] *See* Plea Trans. at pp. 4-5.

[36] Plea Trans. at pp.4-5.

[37] *See e.g. Sartin v. State*, 2014 WL 5392047 (Del. Super. Oct. 21, 2014) (there was no indication that the defendant's mental health issues rose to the level of a viable defense and since the defendant could not show how a mental illness defense would have succeeded at trial, relief was not appropriate); *Newman v. State*, 2016 WL 889531 (Del. Mar. 8, 2016) (motion for post-conviction relief denied because the defendant gave no indication that his mental health would constitute a colorable defense, and his colloquy with the court demonstrated a knowing and voluntary guilty plea).

In consideration of the entire record in this matter, Defendant has failed to establish ineffective assistance of Trial Counsel.

For all of the foregoing reasons, Defendant's Motion for Postconviction relief should be DENIED.

**IT IS SO RECOMMENDED**.

Commissioner Katharine L. Mayer

cc:    Prothonotary
       James K. McCloskey, Esquire
       Xavier Spady