**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,
|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) | **I.D.:** 91009844DI |
| v. | ) |  |
|  | ) |  |
| **CHRISTOPHER DESMOND,** | ) |  |
|  | ) |  |
| Defendant. |  |  |

## ORDER ON DEFENDANT'S MOTION

**Submitted: June 30, 2022**
**Decided: July 11, 2022**

Defendant, Christopher Desmond ("Desmond") or ("Defendant"), has filed with the Court the following: (1) his June 22, 2022 filing, the title of which is "The Uniform Post-Conviction Procedure Act (1955) Make Delaware Superior Court Criminal Rule 61 Proceedings Civil Proceeding…;" (2) his letter dated June 29, 2022, the subject of which is "Application of Concepcion v. United States…"; and (3) his letter dated June 30, 2022, the subject of which is 'Application of "Formerly Incarcerated Reenter Society Transformed Safely Transition Every Person Act …." Having considered these filings and letters, it appears to the Court that:

1. Defendant was convicted in November of 1992, following a jury trial, of several dozen criminal offenses in connection with a series of armed robberies of different businesses located in New Castle County, Delaware, which took place between 1990 and 1991. Defendant's convictions include

1

ten (10) counts of Robbery in the First Degree and three (3) counts of Theft. In January of 1993, Defendant was sentenced to seventy-eight (78) years of Level V incarceration.

2. Defendant has filed numerous unsuccessful petitions, motions, and appeals in this Court, the Supreme Court of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, and the Supreme Court of the United States since his 1992 conviction.

3. Most recently, this Court denied Defendant's sixteenth attempt to receive relief under Superior Court Criminal Rule 61. In this most recent application, Defendant argued that the recent United States Supreme Court decision, *Wooden v. United*,[1] articulated a new rule of constitutional law that justified relief under Rule 61. Applying Rule 61, this Court wrote:

> Second or subsequent motions for post-conviction relief under Rule 61 must be summarily dismissed unless Defendant pleads with particularity (i) that new evidence exists that creates a strong inference of actual innocence on the part of the Defendant or (ii) pleads that a new and retroactively applicable rule of constitutional law has been established by the Supreme Court of Delaware or the United States Supreme Court which would render Defendant's sentence invalid.
>
> As previously mentioned, this is Defendant's sixteenth Rule 61 motion. As such, Defendant's Motion must demonstrate that one of the two exceptions to summary dismissal of secondary or subsequent Rule 61 motions applies in order to prevail. Defendant's Motion does not assert that any new evidence in this case exists.

---

[1] 142 S.Ct. 1063 (March 7, 2022).

Defendant claims that the second exception to summary dismissal applies. Defendant argues that *Wooden* prohibits this Court from imposing multiple sentences for one single offense as this Court did in Defendant's case. However, the *Wooden* decision addresses not a constitutional requirement, but a provision of the Armed Career Criminal Act (ACCA) – the occasion requirement. Thus, *Wooden* establishes no new and retroactively applicable rule of constitutional law. As to the second requirement, while *Wooden* does resolve a split of authority, the decision is inapplicable to Defendant's sentence as it is based on a federal statute, not a Delaware criminal law.

4. Desmond takes issue with this Court's use of existing Rule 61 to analyze his claim. According to Desmond, the standards of Rule 61 that were in effect at the time of his conviction should apply. Desmond is incorrect as Delaware law is clear that, in analyzing Rule 61 motions, the Rule in effect at the time the motion was filed controls.[2] Even assuming that Desmond is correct, he is not entitled to relief under the pre-2014 Amendment to Rule 61 which allowed a Court to grant relief where, in the Court's view, there was a manifest injustice. No manifest injustice has occurred in this case. The record reflects that Desmond was charged for a series of robberies which took place at multiple supermarkets and pharmacies in the Wilmington area between 1990 and October 1991. There is simply no manifest injustice in not applying *Wooden* to Defendant's case.[3]

---

[2] *Redden v. State,* 150 A.3d 768 (Del. 2016) and *Bradley v. State*, 135 A.3d 748, 757 n.24 (Del. 2016).

[3] The Court notes that, prior to 2014, numerous courts have considered Desmond's Claim for Relief in this case, and every single court that applied the pre-2014 version of Rule 61 denied Desmond's Claim for Relief.

3

5. Desmond also maintains that this Court is required to review his convictions and sentences under the First Step Act,[4] a law passed by Congress, because Delaware received funds under the Act. The review of Desmond's sentence and convictions is not controlled by the First Step Act. The First Step Act is a federal law applying to federal crimes *only*.[5] The review is controlled by Delaware law and the United States Constitution. This Court joins the multitude of other Courts and Judges that have reviewed Defendant's case and have determined that Defendant's convictions and sentences were proper.

6. Desmond further maintains that *Concepcion v. United States*,[6] a recently decided case by the United States Supreme Court, supports his claim that he is entitled to application of *State v. Owens*[7] and *State v. Bridgers*.[8] In *Concepcion*, the Supreme Court held that under the First Step Act, district courts are permitted to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the Act. This Court reiterates that *Concepcion* and the First Step Act are inapplicable to Defendant's case because his convictions are pursuant to state law *not* federal law. Additionally, this Court has already addressed Defendant's claim which relies on *Owens* and *Bridges*. The Court reiterates that *Owens* and *Bridges* did

---

[4] FIRST STEP ACT OF 2018, PL 115-301, December 21, 2018, 132 Stat 5194.

[5] *Id.* at § 404(a)("[T]he term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2018 (Public Law 111-220; 124 Stat. 2372, that was committed before August 3, 2010.").

[6] 2022 WL 2295029, at *12(Jun. 27, 2022).

[7] 2010 WL 2892701 (Del. Super. Ct. Jul. 16, 2010).

[8] 988 2.d 939 (Del. Super. Ct. 2007), *aff'd*, 2009 WL 824536 (Del. Mar. 30, 2009).

not re-fine or re-interpret the elements of first degree robbery, neither did it make such reinterpretation retroactively applicable to cases on collateral review.[9]

Therefore, Desmond's Application for Relief is **DENIED**.

This Court reaffirms its instructions contained in its May 22, 2022 Order which provided:

> This Motion constitutes Defendant's seventeenth Motion for postconviction relief. Defendant's requests are repetitive and/or frivolous and it is not in the interest of justice to review the same issues *ad infinitum*. Continuing concerns for allocation of scarce judicial resources demand that the Court exercise its discretion to refuse consideration of additional motions unless new issues are raised for the Court's consideration. Therefore, in the future, the Court will not take any action on Defendant's filings unless there is an initial determination that such filings are not repetitive or frivolous.

**IT IS SO ORDERED.**

_/s/ Francis J. Jones, Jr._
Francis J. Jones, Jr., Judge

cc:     Original to the Prothonotary
        Maria Knoll, Deputy Attorney General
        Anthony Figliola, Esquire
        Mr. Christopher Desmond, Defendant

---

[9] *See Desmond v. Phelps*, 2012 WL 3518531, at *2 (Del. Aug. 15, 2012).

5