Bernardo MCKINNEY, Defendant
Below-Appellant,

v.

STATE of Delaware, Plaintiff
Below-Appellee.

No. 29, 2014

Supreme Court of Delaware.

Submitted: September 24, 2014
Decided: December 18, 2014

Eugene J. Maurer, Jr., Esquire, Wilmington, Delaware, for Appellant.

Andrew J. Vella, Esquire, of the Department of Justice, Wilmington, Delaware for Appellee.

* Sitting by designation pursuant to art. IV, § 12 of the Delaware Constitution and Supreme Court Rules 2 and 4(a) to fill up the quorum as required.

Before STRINE, Chief Justice, HOLLAND, RIDGELY, VALIHURA, Justices, and BOUCHARD,* Chancellor, constituting the Court en Banc.

RIDGELY, Justice:

Defendant–Below/Appellant Bernardo McKinney ("McKinney") appeals from a Superior Court judgment of conviction for possession of a firearm by a person prohibited ("PFBPP"). McKinney raises one claim on appeal. McKinney contends that the trial court erred when it denied his motion to suppress evidence because the affidavit in support of the search for his residence did not show probable cause. The warrant was issued based upon an affidavit that explained that a confidential informant ("CI") told the police that he had purchased marijuana that day from a white female with dark hair and blue eyes, and previously from a black male, at McKinney's apartment. There was no information in the affidavit supporting the CI's reliability or corroborating criminal activity at the apartment. The police did determine that McKinney, who is black, and his girlfriend, who is white with blue eyes, lived at the apartment. In this Opinion, we reaffirm our holding in *Legrande v. State* that a confidential informant's tip must be reliable in its assertion of illegality, not merely in its tendency to identify a determinate person.[1] Because we find merit to McKinney's claim, we reverse and remand for further proceedings consistent with this Opinion.

## I. Facts and Procedural History

In December 2012, Officer John Mitchell ("Mitchell") of the Elsmere Police Department in Delaware was contacted by a CI. The CI told Mitchell he had purchased

1. *LeGrande v. State,* 947 A.2d 1103, 1111 (Del. 2008).

marijuana that afternoon from 1509 Maple Ave., Apt. 1 in the Fenwick Park Apartments located in Elsmere. The CI told Mitchell that a white female with dark hair and blue eyes wearing sweatpants and a tank top answered the door. The CI told Mitchell that he gave the female $20 in exchange for a gram of marijuana wrapped in foil. The CI also told Mitchell that he had purchased marijuana on prior occasions from a black male at the same address.

Mitchell knew that McKinney, a black male, lived at 1509 Maple Ave., Apt. 1, and used the Delaware Criminal Justice Information System to perform a search on McKinney. The search confirmed that both McKinney and his girlfriend, Ashley King ("King"), resided at the apartment the CI identified, and that King had blue eyes. Mitchell also presented a "six pack" photo lineup to the CI, who selected King as the person who sold him the marijuana. Thereafter, Mitchell applied for a search warrant for McKinney's apartment. Mitchell submitted an affidavit with the warrant application, which stated the facts set out above. The warrant was issued based solely on the information provided by Mitchell, without any explanation of the CI's reliability, and without any police corroboration of criminal activity at the apartment.

Shortly after obtaining the warrant, officers executed a search of the apartment. The search resulted in the seizure of money, a firearm, and illegal controlled substances including a marijuana cigarette. McKinney was indicted on, among other counts, two counts of PFBPP. McKinney moved to suppress the evidence recovered from his apartment, claiming that the search warrant did not establish probable cause to search his residence. The Superior Court denied the motion. After a bench trial, the court found McKinney guilty of PFBPP and the State entered a *nolle prosequi* on the remaining charges. McKinney was sentenced as a habitual offender,[2] and received a mandatory term of eight years. This appeal followed.

## II. Discussion

"We review the Superior Court's grant of a motion to suppress for an abuse of discretion. 'Where the facts are not in dispute and only a constitutional claim of probable cause is at issue, this Court's review of the Superior Court's ruling is *de novo*.'"[3] Under both the federal and Delaware Constitutions, a search warrant may be issued only upon a showing of probable cause.[4] "To establish probable cause, the police are only required to present facts which suggest, when those facts are viewed under the totality of the circumstances, that there is a fair probability that the defendant has committed a crime."[5]

"An affidavit submitted in support of a search warrant application must set forth facts that, within the affidavit's four corners, are sufficient for a neutral magistrate to conclude that a crime has been committed and that the property sought to be seized would be found in a particular place."[6] In reaching a decision, a magistrate's finding should be based on the totality of the circumstances.[7] "Under

2. See 11 *Del. C.* § 4214(a).

3. *State v. Holden*, 60 A.3d 1110, 1113 (Del. 2013) (quoting *Smith v. State*, 887 A.2d 470 (Del.2005)).

4. U.S. Const. amend. IV; Del. Const. art. I, § 6.

5. *State v. Maxwell*, 624 A.2d 926, 930 (Del. 1993) (internal citations omitted).

6. *Arcuri v. State*, 49 A.3d 1177, 1179 (Del. 2012) (internal quotation marks and citations omitted).

7. *Id.*

this test, the magistrate must consider the reliability of the informant, the details contained in the informant's tip, and the degree to which the tip is corroborated by independent police surveillance and information." [8] There are also circumstances that increase the reliability of an informant and thus the information provided in the tip. These circumstances include the fact that information was delivered in a face-to-face meeting,[9] the fact that the information is delivered by a citizen with no connection to the criminal underworld,[10] and the fact that a person is exposed to a risk of retaliation by not concealing his identity.[11]

 A court reviewing the magistrate's determination must "ensure that the magistrate had a substantial basis for concluding that probable cause existed." [12] "This Court reviews a magistrate's determination of probable cause with great deference, because a grudging or negative attitude by reviewing courts toward warrants is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant." [13] But that deference does not mean that we will " 'simply rubber stamp a magistrate's conclusions.' " [14]

In *LeGrande v. State*, we held that a tip from a confidential informant was not suf-

ficiently corroborated to establish probable cause because police had not found evidence to confirm the informant's assertion that illegal activity had occurred or was occurring.[15] We explained that:

"An accurate description of a subject's readily observable location and appearance is of course reliable in this limited sense: It will help the police correctly identify the person whom the tipster means to accuse. Such a tip, however, does not show that the tipster has knowledge of concealed criminal activity. *The reasonable suspicion here at issue requires that a tip be reliable in its assertion of illegality, not just in its tendency to identify a determinate person.*" [16]

Accordingly, we found that because there was "no corroboration by independent police work of the anonymous tipster's assertion of illegality ... the totality of the circumstances did not provide the issuing magistrate a substantial basis for concluding there was probable cause...." [17]

McKinney argues that our holding in *Legrande* is applicable to the facts of this case and should be followed. We agree. We find that the Superior Court erred by failing to grant McKinney's motion to sup-

---

8. *Holden*, 60 A.3d at 1113.

9. *U.S. v. Valentine*, 232 F.3d 350, 354 (3d Cir.2000) ("[A] tip given face to face is more reliable than an anonymous telephone call.").

10. *Bailey v. State*, 440 A.2d 997, 999 (Del. 1982) ("A prior basis for establishing the reliability of an informant is unnecessary in the case of an average law abiding citizen performing a civic duty by reporting a crime.").

11. *Valentine*, 232 F.3d at 354.

12. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

13. *Rivera v. State*, 7 A.3d 961, 967 (Del.2010) (internal quotation marks omitted).

14. *Sisson v. State*, 903 A.2d 288, 296 (Del. 2006) (quoting *United States v. Zimmerman*, 277 F.3d 426, 432 (3d Cir.2002)).

15. *LeGrande*, 947 A.2d at 1111.

16. *Id.* at 1110 (quoting *Florida v. J.L.*, 529 U.S. 266, 272, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000) (emphasis added)).

17. *Id.* at 1111.

press. Under the totality of circumstances, the search warrant affidavit did not show probable cause. As in *Legrande,* the police in this case corroborated the accused's identity but failed to corroborate the CI's knowledge of concealed criminal activity. Specifically, the police failed to corroborate the CI's claim that anyone was selling drugs from McKinney's apartment. Further, the affidavit submitted by Mitchell did not show whether the CI in this case had ever previously given reliable information to police. Nor did the affidavit indicate how or why the CI contacted police. Although this Court has found that the reliability of an informant increases when the informant meets with police face-to-face, the State has failed to point to any case in which a tip delivered in person was deemed sufficient to establish probable cause without some independent corroboration of the alleged illegal activity.[18]

### III. *Conclusion*

The judgment of the Superior Court is **REVERSED** and the matter **REMANDED** for further proceedings consistent with this Opinion.

---

18. *See Brown v. State,* 897 A.2d 748, 751 (Del.2006) ("The information provided in the tip was corroborated by independent police observations of Brown approaching the Closet at the time reported in the tip."); *Bailey v.* *State,* 440 A.2d 997, 1000 (Del.1982) (finding that a tip from citizen informant was corroborated when police found the victim's body at the identified location).