IN THE SUPREME COURT OF THE STATE OF DELAWARE

DWAYNE DUNNELL, § 
 § 
 Defendant Below, § No. 159, 2021
 Appellant, § 
 § Court Below—Superior Court
 v. § of the State of Delaware
 § 
STATE OF DELAWARE, § Cr. ID No. 1604008485A (N)
 § 
 Plaintiff Below, § 
 Appellee. § 

Submitted: December 3, 2021
Decided: January 20, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

(1)     The appellant, Dwayne Dunnell, has appealed the Superior Court's denial of his first motion for postconviction relief under Superior Court Criminal Rule 61. After careful consideration of the parties' briefs and the record, we affirm the Superior Court's judgment.

(2)     In 2016, a grand jury indicted Dunnell for several drug- and firearm-related offenses. The charges arose after a confidential informant advised Detective Bruhn of the New Castle County Drug Control Unit that a man known as "Buck" was selling drugs. The informant provided two phone numbers for Buck. Through further investigation, Detective Bruhn determined that Buck was a nickname for

Dunnell. The informant reviewed a photo of Dunnell and positively identified him as Buck.

(3)   During the week of April 4, 2016, the New Castle County Police Department ("NCCPD") had the same informant arrange a heroin purchase with Buck. The informant called Buck in the presence of NCCPD to arrange the purchase, then went to a residence located at 24 Gull Turn in Newark, Delaware, to purchase heroin from a person known as "Dreads." NCCPD determined that Dunnell's cousin, Kyle Dunnell ("Kyle"), listed 24 Gull Turn as his address. They showed a picture of Kyle to the informant, and the informant identified the person in the photo as Dreads. NCCPD used the informant to purchase heroin from 24 Gull Turn again during the week of April 11, 2016. Again, the informant called Buck to arrange the transaction and purchased the heroin from Dreads.

(4)   On April 12, 2016, the investigating officers obtained a search warrant for 24 Gull Turn. Officers executed the warrant on April 13, 2016. Dunnell and Kyle were in the home when the warrant was executed. The officers found no contraband on Dunnell or Kyle, but they found a safe in the laundry room that contained 3,488 bags of heroin, a loaded handgun, a loaded extended magazine, and a digital scale. They found the key to the safe in the pocket of a pair of Kyle's pants. They also found a bag of pink glassine baggies in the kitchen, a paystub with Dunnell's name on it in the laundry room, and shotgun shells in the laundry room

2

and hall closet. They found $371 in cash and two cell phones in Dunnell's bedroom, two more cell phones in Kyle's room, and another digital scale in a spare bedroom. NCCPD found no fingerprint or DNA evidence that connected Dunnell to the safe or its contents.

(5) Following the search of 24 Gull Turn and the discovery of the drugs and gun, NCCPD obtained search warrants for a silver Lexus that was parked in the driveway and for a Jeep Grand Cherokee that was parked across the street. Police found a fifth phone, an Alcatel flip phone, in the Lexus. Dunnell told a detective that everything in the car was his and did not deny that the Alcatel flip phone was his when the detective later described the car's contents when interviewing Dunnell.

(6) Police then obtained search warrants to search the contents of all the cell phones. One text message that was sent from the Alcatel flip phone at 2:54 a.m. on March 12, 2016, read "King Kong." Some of the heroin found in the safe was stamped "King Kong." Incoming and outgoing text messages that were found on a Samsung phone that had been located in Dunnell's bedroom suggested involvement in drug-dealing activity.

(7) On March 3, 2017, following a four-day jury trial, a Superior Court jury convicted Dunnell of drug dealing (Tier 4 heroin), aggravated possession of heroin, and second-degree conspiracy. The jury acquitted Dunnell of the firearm offenses and possession of drug paraphernalia. The Superior Court sentenced Dunnell as

3

follows: for drug dealing, under the habitual-offender statute,[1] to seven years of incarceration; for second-degree conspiracy, to two years of incarceration, suspended for one year of Level III probation.[2] This Court affirmed on direct appeal.[3]

(8) Dunnell filed a *pro se* motion for postconviction relief. The Superior Court appointed postconviction counsel, who later filed a motion to withdraw after finding no meritorious claims to assert. The Superior Court granted the motion to withdraw and denied the motion for postconviction relief, and Dunnell has appealed to this Court. On appeal, Dunnell asserts three claims of ineffective assistance of his trial counsel and one claim of ineffective assistance of his appellate counsel. He contends that his trial counsel was ineffective for failing to challenge the warrants to search the contents of the cell phones on two grounds: that the warrants were overbroad and that the affidavits presented in support of the applications for the search warrants did not establish a sufficient nexus between the cell phones and the alleged crimes. Dunnell also contends that his trial counsel was ineffective for failing to seek a limiting instruction concerning the King Kong text message and the messages from the Samsung phone that suggested drug-dealing activity. Finally, he

---

[1] 11 *Del. C.* § 4214(a).

[2] The court merged the drug dealing and aggravated possession charges at sentencing.

[3] 2018 WL 5782851 (Del. Nov. 2, 2018).

contends that his appellate counsel was ineffective for failing to appeal the denial of the motion to suppress.

(9) This Court reviews the Superior Court's denial of a motion for postconviction relief for abuse of discretion.[4] We review legal or constitutional questions, including claims of ineffective assistance of counsel, *de novo*.[5] The Court considers the procedural requirements of Rule 61 before addressing any substantive issues.[6]

(10) The claims of ineffective assistance of counsel that Dunnell asserts on appeal are not procedurally barred.[7] In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that (i) his defense counsel's representation fell below an objective standard of reasonableness, and (ii) there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.[8] Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[9]

---

[4] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).

[5] *Id.*

[6] *Bradley v. State*, 135 A.3d 748, 756-57 (Del. 2016).

[7] *See Green v. State*, 238 A.3d 160, 175 (Del. 2020) ("[I]neffective-assistance claims are not subject to Rule 61(i)(3)'s bar because they cannot be asserted in the proceedings leading to the judgement of conviction under the Superior Court's rules and this Court's precedent.").

[8] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

[9] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).

5

The same *Strickland* framework applies when evaluating a claim that appellate counsel provided ineffective assistance.[10]

(11) Dunnell asserts two ineffective-assistance claims relating to the cell-phone search warrants. First, he contends that his trial counsel was ineffective for failing to challenge the warrants on the basis that the affidavits presented in support of the applications for the search warrants did not establish a sufficient nexus between the cell phones and the alleged crimes. The affidavit that trial counsel submitted to the Superior Court in response to Dunnell's ineffective-assistance claims states that counsel sought to suppress the contents of the flip phone found in Dunnell's Lexus on the basis that the affidavit submitted in support of the warrant application did not establish probable cause and that, if the motion had been successful, the "King Kong" text message would have been excluded from evidence at trial.[11] Trial counsel's affidavit further stated that he did not challenge the search warrants for the other cell phones because in his professional opinion the affidavits in support of those warrants did support a finding of probable cause.[12]

(12) The Superior Court determined that counsel's performance with respect to this issue was not objectively unreasonable,[13] and we agree. To the extent that

---

[10] *Neal v. State*, 80 A.3d 935, 946 (Del. 2013).

[11] Appendix to Opening Brief, Exhibit B, at 17.

[12] *Id.*

[13] *State v. Dunnell*, 2021 WL 1716647, at *11 (Del. Super. Ct. Apr. 30, 2021).

6

Dunnell contends that trial counsel did not seek to exclude evidence from the flip phone, he is incorrect: counsel filed a motion to suppress on the basis that the warrant to search that phone lacked probable cause and also filed a motion *in limine* that sought to exclude the text messages from that phone. To the extent that Dunnell challenges trial counsel's decision not to challenge the warrants for the other phones, we cannot conclude that counsel's decision was objectively unreasonable. The affidavits submitted in support of the warrants stated that Dunnell used Kyle's assistance to facilitate drug transactions from 24 Gull Turn; that the affiant had used a confidential informant to conduct controlled purchases of heroin from that property; that the phones were located in Dunnell's and Kyle's bedrooms at 24 Gull Turn during the execution of a search warrant at that property; that a substantial amount of heroin, drug paraphernalia, and a firearm and ammunition were also found in the property; and that, based on the affiant's training and experience, persons involved in selling drugs use their cell phones in various ways relating to drug sales.[14] Counsel's conclusion that there was no reasonable basis to raise a probable-cause argument was not objectively unreasonable.[15]

---

[14] Appendix to Opening Brief, Exhibit A.

[15] *See Hudson v. State*, 2020 WL 362784, at *4 (Del. Jan. 21, 2020) (affirming denial of postconviction relief because counsel's determination that applications in support of warrants to search electronic devices did not lack probable cause was not professionally unreasonable). *Cf. also Anderson v. State*, 249 A.3d 785, 798 (Del. 2021) (affirming Superior Court's denial of motion to suppress contents of seven cell phones where the affidavit of probable cause established the defendant's participation in a drug-dealing enterprise and explained the routine use of multiple cell phones in drug-dealing enterprises).

(13) Second, Dunnell asserts that the warrants to search the cell phones were overbroad because they allowed a "top to bottom" search of the phones and did not limit the information to be searched to any relevant timeframe. Relying on *Taylor v. State*,[16] he contends that his counsel should have sought to suppress evidence obtained from the phones on those grounds. Although Dunnell does not specifically identify the text messages at issue, it appears that the relevant text messages include (i) the March 12, 2016, "King Kong" message located on the flip phone that was found in Dunnell's Lexus and (ii) a series of incoming and outgoing text messages that were sent during the first two weeks of April 2016, which were extracted from the Samsung phone that was found in Dunnell's bedroom and which suggested drug-dealing activity. The investigation that led to Dunnell's arrest was conducted in March and April 2016 and involved controlled buys following an informant's contacts with Dunnell by phone. Although the warrants did not include a temporal limitation, the text messages that were submitted into evidence were "generally within the time period" and scope of the criminal activity at issue.[17]

(14) In *Taylor*, this Court held that a warrant similar to the warrants at issue here was an unconstitutional general warrant and reversed the defendant's conviction on direct appeal.[18] In contrast, this Court has rejected a claim that counsel

---

[16] 260 A.3d 602 (Del. 2021).

[17] *Hudson*, 2020 WL 362784, at *4.

[18] *Taylor*, 260 A.3d at 615-17.

was ineffective for failing to challenge the breadth of a warrant under circumstances similar to those present here.[19] Thus, in the circumstances of this case, which was tried before *Taylor* was decided and in which counsel sought to exclude the text messages on at least two other grounds, we conclude that counsel's representation did not fall below an objective standard of reasonableness.[20]

(15) Dunnell also contends that his trial counsel was ineffective for failing to seek a limiting instruction when text messages, including the "King Kong" text message and various text messages suggesting that Dunnell was dealing drugs, were introduced into evidence. The Superior Court held that trial counsel did not act unreasonably by not seeking a limiting instruction because, when deciding trial counsel's motion *in limine*, the court had concluded that the text messages were not hearsay and were not unfairly prejudicial; thus, because the text messages were not admitted for a limited purpose, trial counsel did not provide ineffective assistance

---

[19] *See Hudson*, 2020 WL 362784, at *4 (holding that counsel was not ineffective for failing to argue that warrant to search contents of computers, video camera, and digital camera was overbroad, because the date of inculpatory videos was generally within the time period of the alleged criminal activity and a search for video files was within the scope of the alleged criminal activity).

[20] *See Strickland v. Washington*, 466 U.S. 668, 690 (1984) ("[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . . The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.").

by not seeking a limiting instruction.[21] We find no error in the Superior Court's ruling.

(16) Finally, Dunnell contends that his appellate counsel was ineffective for failing to appeal the denial of the motion to suppress on the grounds that the warrant to search the Lexus was not supported by probable cause. More specifically, he argues that the warrant application relied on uncorroborated information provided by a confidential informant with unproven reliability. Appellate counsel asserted several arguments on Dunnell's behalf in the direct appeal.[22] In her affidavit submitted in response to Dunnell's motion for postconviction relief, appellate counsel stated that she chose not to appeal the ruling on the motion to suppress because she believed it was more prudent to challenge the court's denial of Dunnell's motion for judgment of acquittal, and an appeal of the motion to suppress would involve a fact-intensive inquiry that would bring into the record damaging facts linking Dunnell to the drugs, thereby weakening the argument that the Superior Court erroneously denied Dunnell's motion for judgment of acquittal.[23]

(17) The Superior Court held that appellate counsel's representation was not professionally unreasonable because she was entitled to exercise her professional

---

[21] *Dunnell*, 2021 WL 1716647, at *10.

[22] *See Dunnell*, 2021 WL 1716647, at *3 (summarizing arguments). *See also Dunnell v. State*, 564, 2017, Docket Nos. 22, 31 (opening and reply briefs on direct appeal).

[23] *Dunnell*, 2021 WL 1716647, at *13.

judgment in selecting and presenting the issues with the best chance of success on appeal.[24] We agree with the Superior Court that appellate counsel's representation was not objectively unreasonable.[25] Moreover, Dunnell has not established that an appeal of the denial of the motion to suppress was more likely to succeed than the issues that appellate counsel did raise. The application in support of the warrant to search the Lexus did not rely solely on an uncorroborated tip from a confidential informant with unproven reliability. To the contrary, the affidavit stated that the confidential informant had provided information that Dunnell was selling drugs from his vehicle; described additional investigation that the police conducted; and explained that NCCPD had executed a search warrant at 24 Gull Turn and had found a large quantity of heroin, a firearm, drug paraphernalia, and other contraband, and that Dunnell was located in the residence when the warrant was executed.[26] In short, the police had developed evidence that corroborated the informant's tip.[27]

---

[24] *Id.*

[25] *See Redden v. State*, 150 A.3d 768, 775 (Del. 2016) (rejecting claim of ineffective assistance of appellate counsel where counsel used his professional judgment and strategic reasoning in selecting issues most likely to succeed on appeal).

[26] Appendix to Opening Brief, Exhibit G. Although facts relating to the controlled buys were included in the applications for the warrants to search the contents of the cell phones, those facts do not appear to have been included in the application for the warrant to search the Lexus.

[27] *See Loper v. State*, 2020 WL 2843516, at *2 (Del. June 1, 2020) (determining that informants' tips were corroborated by police surveillance); *State v. Holden*, 60 A.3d 1110, 1115 (Del. 2013) (concluding that informants' tips that defendant was selling drugs were corroborated when officers stopped a man who was leaving the defendant's house and discovered that he was in possession of oxycodone without a prescription). *See also McKinney v. State*, 107 A.3d 1045, 1048-49 (Del. 2014) (discussing circumstances in which officers must corroborate informant's knowledge of the accused's identity and involvement in criminal activity).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.


BY THE COURT:


*/s/ Karen L. Valihura*
Justice